## SKINNER *v.* BEATTY *et als.*

*Prima facie,* plaintiff in a foreclosure suit is entitled, after sale of the premises and Sheriff's deed to him, to a writ of assistance as against the mortgagor, and those entering under him subsequent to the decree, if they refuse to surrender possession.

Where, in such case, a writ of assistance is granted, and the mortgagee and his wife move to set it aside on the ground that they had moved upon and occupied the mortgaged premises as a homestead before the execution of the mortgage by the husband, and continuously ever since, and it appears that the mortgage was given for the purchase money of the premises, the motion must be denied, even though the wife was not a party to the foreclosure.

If a writ of assistance be improperly issued or executed, the Court granting it can, on summary motion, set aside the writ or the service, and restore the possession.

Appeal from the Third District.

Plaintiff filed his bill against A. S. Beatty and others, to foreclose a mortgage given by Beatty on a house and lot to secure the payment of a note.   The mortgage was not signed by the wife of Beatty, nor was she party to the suit.   The complaint said nothing about the mortgage being for purchase money, and the judgment was by default.   The premises having been sold under the decree, and bought in by plaintiff —who in time received a Sheriff's deed—and Beatty refusing to deliver possession, the Court granted plaintiff a writ of assistance, commanding the Sheriff to remove said A. S. Beatty and George F. Beatty, who had gone into partnership and possession with said A. S. Beatty after the decree, and put plaintiff in possession.   Before the writ was executed, A. S. Beatty and his wife moved, on affidavits, to set it aside, on the ground that, before the execution of the mortgage, and continuously ever since, they had occupied the premises as a homestead, and that hence they could not be removed.   Plaintiff filed counter affidavits showing, among other things, that the mortgage was for the purchase money of the premises, as is stated in the opinion.   No denial of this was made by defendants.   The three Beattys appeal.

*O. C. Pratt,* for Appellants.

*W. T. Wallace,* for Respondent.

Baldwin, J. delivered the opinion of the Court—Cope, J. concurring.

*Prima facie,* the plaintiff, after the purchase of the mortgaged premises and Sheriff's deed, was entitled to his writ of assistance as against the mortgagor, and those entering under him, after the decree, if they refused to surrender possession.   After the writ was ordered, the mortgagor and his wife moved to set it aside, on the ground that

they had, before the mortgage, resided on the premises as a homestead, etc. The Court refused to set aside the order. The order was granted in view of the whole facts of the record. It was no answer to the legal effect of these facts to say that these parties had moved on and occupied the premises as a homestead; they must show their right. The plaintiff was entitled to this writ, whether these facts were true or not—as the premises were mortgaged for the purchase money—there is no denial of this fact in the record; on the contrary, it is shown by the proof. The order granting the writ should only be set aside on a showing that it was improperly made; and it was not, if these premises were mortgaged by Beatty for the purchase money. The appellants should have denied this fact, if it could truly have been denied. But the transcript shows, by affidavit and otherwise, that this mortgage was so given. There is no pretense, then, of a homestead.

If such a pretension as this could defeat a party's right to this writ of assistance, the process would fall into practical disuse, for, in every case, some suggestion would be made of a title of some sort, in a member of the family or lodger in the house, which would remit the party to his action of ejectment. (See *Montgomery* v. *Tutt*, 11 Cal. 190.) There is no danger in such a process, for, if improperly issued or executed, the Court can, on summary motion, set aside the writ or the service, and restore the possession.

Order affirmed.