[Department One — January 19, 1884.]

## L. HUERSTAL, RESPONDENT, *v.* HUGH MUIR ET AL., APPELLANTS.

EJECTMENT — POSSESSION — WRIT OF RESTITUTION. — The wife of a defendant in an action of ejectment, against whom a judgment has been rendered, who was in possession of the premises at the date of the commencement of the action, will be presumed to be in possession under her husband, and may be evicted under the judgment against him.

ID. — PRESUMPTION — ADVERSE HOLDING. — *Prima facie*, all persons who come into possession of lands after an action of ejectment is brought, come in under the defendant, and may be ejected under a writ issued upon a judgment against him. This *prima facie* case may be rebutted by showing that the possession is held under an adverse title.

MORTGAGEE — GROWING CROPS. — One who takes a mortgage of growing crops during the pendency of an action of ejectment is bound by the judgment against the mortgagor, and may be evicted under the writ issued on such judgment. As between him and the successful plaintiff such growing crops are part of the realty and pass to the plaintiff, and the mortgagee is not entitled to possession of the premises for the purpose of harvesting such crops.

APPEAL from an order of the Superior Court of the county of Contra Costa, made after final judgment in an action of ejectment, directing the issuing of an alias writ of possession and directing the sheriff to remove the appellants from the premises and deliver possession to the plaintiff. The facts are stated in the opinion.

*A. H. Griffith*, for Appellants.

*C. Temple Emmet*, for Respondent.

McKEE, J. — This is an appeal from an order subsequent to judgment.

The record of the case shows that Hugh Muir had been dispossessed of a parcel of land in Contra Costa County, by a writ of restitution issued upon a judgment of the late district court of that county, rendered in favor of L. Huerstal against the said Hugh Muir and one William Harding, for recovery of possession of said land and costs of suit. After Muir had been dispossessed by the writ he re-entered upon the land; and in proceedings against him for the re-entry he was adjudged guilty of contempt of court, and punished, and an *alias* writ of retsitution was ordered and issued, commanding the sheriff to put the plaintiff in the quiet and peaceful possession of the land. The

sheriff executed the writ by again dispossessing Muir; but find-
ing Elizabeth Muir and Peter Baker, parties not named in the
writ, in possession—one asserting adverse right to the land,
and the other to the crops, partly cut and in part standing on the
land—he made a "requisition" upon the plaintiff to apply to
the court for an order for his protection in executing the writ
against those persons. And upon motion of the plaintiff's
attorney, based upon an affidavit of the plaintiff, the court
ordered said Elizabeth Muir and Peter Baker to show cause why
they should not be ejected from said premises, and why the
plaintiff should not be put in possession of the crop. Upon
their answers the court made the following order:—

"It is ordered that an *alias* writ issue upon the judgment
herein to put the plaintiff in the possession of the land in said
judgment described; that the said sheriff is hereby instructed
and directed under the same, to remove from off said lands the
said Hugh Muir and his wife, the said Elizabeth Muir, and his
family, and give the plaintiff the full possession of said lands
and every part thereof as against them and each of them; that
said sheriff under said writ deliver to the plaintiff herein the
crop of hay taken under the said first mentioned writ." Appel-
lants attack the order as erroneous on two grounds: (1) because
it was made in a proceeding which was not authorized by law;
(2) because a writ of restitution cannot be enforced against per-
sons in possession of the lands who are not named in the writ,
and were not parties to the judgment upon which it was issued.

It is true, as a general rule, that one who is not a party to
the action, or privy to the defendant therein, cannot be dispos-
sessed of land by a writ issued upon a judgment for recovery of
possession. In *Tevis* v. *Ellis*, 25 Cal. 515, where a plaintiff in
possession of land applied for an injunction to restrain a sheriff
from turning him out of possession under a writ of restitution
issued upon a judgment to which he was not a party or privy,
the Supreme Court denied his right to an injunction upon the
grounds that he had no relation to the writ of restitution nor
the writ to him . . . . and "if the sheriff should interfere with
his possession, the writ would not only fail as a justification, but
would be pertinent to convict the sheriff of an act of official
oppression." When, therefore, a sheriff is called upon to exe-

cute such a writ, if he finds other persons in possession than those named in the writ, who claim that they are rightfully in possession, not in privity with the defendant, and the circumstances are such that a reasonable doubt exists whether the sheriff has a right to turn them out, the sheriff may refuse to execute the writ against them. (*Long* v. *Neville*, 36 Cal. 455.) But the court from which the writ issued may, by virtue of its power over its process, order the sheriff to execute the writ against such persons. And on the hearing of a motion upon notice to them for such an order, the court will act upon the presumption that they entered into possession under the defendant, unless they overcome the presumption by reasonably satisfactory proof by affidavits or evidence of an adverse title to that of the plaintiff in the judgment. (*Leese* v. *Clarke*, 29 Cal. 664.) "*Prima facie*, all who come into possession after action brought must go out for the presumption is, nothing to the contrary appearing, that they came in under the defendant; but this *prima facie* case is rebutted when it appears that some person other than the defendant is in possession *under a title adverse to his;* for the right to the possession flowing from such a title has not been determined by the judgment." (*Long* v. *Neville*, 29 Cal. 136.)

In the proceedings under review appellants offered no testimony tending to show an adverse title to the land. Baker claimed none, and Elizabeth Muir, upon her answer to the order to show cause, offered no evidence of an adverse title in herself. By her answer she admitted that she was the wife of the defendant Hugh Muir; asserted that she was on the premises in possession of the same at the commencement of the action, to which she was not made a party; that she had not entered into possession under her husband or any of the defendants to the action; and that "she was at the time of the execution of said writ by the sheriff, and is now in possession of the said premises in her own right."

Conceding that that was a sufficient allegation of a claim of title to the land, it was not proved nor attempted to be proved. The mere assertion of such a claim is no evidence of the title, if any, upon which it is founded. Being in possession at the commencement of the action as the wife of the defendant, the

presumption is, in the absence of proof of a separate property in her, that she was in possession under her husband; and being in under him she must go out with him. The plaintiff cannot enforce his judgment otherwise than against the defendant and his family in possession. (*Valencia* v. *Couch*, 32 Cal. 339; *Skinner* v. *Beatty*, 16 Cal. 156; *Gray* v. *Nunan*, 63 Cal. 220; *Saunders* v. *Webber*, 39 Cal. 287.)

In his answer Baker averred that at the time of the execution of the first writ he was on the land harvesting the standing crop of hay, as mortgagee of the defendant Hugh Muir, under a chattel mortgage, which had been executed and delivered to him in February, 1881, and which entitled him to the crop as personal property. The crop was partly cut and partly uncut, and while in the act of harvesting the sheriff executed the writ, removed him from possession, and placed the plaintiff in possession of the land and crop; therefore he asked restitution of the premises for the purpose of harvesting the crop.

But having entered as mortgagee of the defendant *pendente lite* he was bound by the judgment and removable by the writ; and as he was in fact removed, and the plaintiff was put in possession, the latter was lawfully in possession, not only of the land described in the writ, but of all fixtures and improvements attached to the premises, and to all crops growing or standing thereon. For some purposes growing crops are regarded as personal property; but as between the successful plaintiff in an action of ejectment and the evicted defendant, they are part of the realty. (Adams on Eject. 347; *Brother* v. *Hurdel*, 10 Ired. 490; *King* v. *Fowler*, 14 Pick. 238; *Shode* v. *Swan*, 1 Marsh. A. K. 366.)

How much if any portion of the crop had been made chattel by a severance from the soil does not appear, for no testimony upon the subject was offered or given. If he had any right to chattel property wrongfully taken or detained by the sheriff, the plaintiff, or his agent, he had legal remedies of which he could have availed himself to recover the possession or value thereof; but he had no legal right to a restitution of the premises for the purpose of harvesting the crop.

Order affirmed.

Ross, J., and McKINSTRY, J., concurred.