## ROUSSET v. REAY et al.

### No. 14,368; January 3, 1893.

#### 31 Pac. 900.

**Ejectment — Alias Writ of Possession.**—Plaintiff having obtained judgment in ejectment, a writ of possession was issued and executed in 1882 against defendants and one M., who was not a party to the suit, and a few months later M. re-entered, and remained thereafter in exclusive possession. In 1889, plaintiff moved for an alias writ of possession against defendants and M. Held, that M. could show on such motion that he was not a member of defendants' family, and that his possession was open and notorious, and that he was the owner of the premises in dispute, and was not a party to the ejectment suit.

**Ejectment—Writ of Possession.**—Where M.'s Possession was Adverse for more than six years from the time of his re-entry, and ripened into a new title, it could not be affected by the former judgment.

**Ejectment.**—A Motion for an Alias Writ of Possession should not be entertained where the lapse of time after re-entry is sufficient to create a title in an adverse possessor, and bar an action of ejectment.

Ejectment—Alias Writ of Possession.—Where Judgment for plaintiff in ejectment is fully executed by putting plaintiff in possession, an alias writ of possession cannot issue except upon an adjudication that the person against whom the writ is to run is guilty of a contempt. Huerstal v. Muir, 64 Cal. 450, 2 Pac. 33, followed.[1]

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Ejectment by Paul Rousset against Joseph W. Reay and others and William McGrath. From an order granting plaintiff's motion for an alias writ of possession, William McGrath appeals. Reversed.

T. M. Osmont for appellant; Smith & Murasky and J. F. Smith for respondents.

HAYNES, C.—Appeal from an order granting a motion for an alias writ of possession. In 1873, Rousset recovered judgment in ejectment against Peter McGrath and three other defendants for the possession of certain lands, and that judgment was affirmed on appeal in May, 1882: 60 Cal. 328. August 24, 1882, a writ of possession was issued thereon, which was fully executed August 28, 1882, and under which appellant, among others, was removed from the premises. In November, 1882, appellant, who was not a party to the ejectment suit, re-entered upon the premises, and took possession for himself, and ever since has remained in the exclusive possession. Frederick Hess and Patrick Slater, the successors in interest of Rousset, the plaintiff, moved the court in said cause for an alias writ of possession against appellant and two others, neither of whom were defendants in the ejectment suit. The order was granted, and appellant took a bill of exceptions presenting the facts.

The appellant offered to prove by his own testimony the following: "(1) That at the time of the commencement of this action, to wit, on the 5th of June, 1873, and for a long time prior thereto, he, the said William McGrath, was in the open and notorious possession of said premises, claiming to own the same, and that he was the owner thereof. (2) That he was not, and is not, a party to this action, and that ever

---

[1] Cited in the note in 135 Am. St. Rep. 647, 649, on remedies of a plaintiff dispossessed after being put in possession under a judgment in ejectment.

since his re-entry upon said premises (in November, 1882), as aforesaid, as well as during all the period from and prior to the commencement of this action, down to the time of his ejection under said writ, he claimed, held and possessed said premises in his own right, and under his own independent title.    (3) That he was not a member of his father's (Peter McGrath's) family at the time of the commencement of this action, nor at any time since." To each of these offers Hess and Slater objected on the ground of irrelevancy and immateriality, and the objections were each sustained by the court, and the evidence excluded.

The court erred in not permitting appellant to prove the facts which he offered to prove, as it would have shown that he occupied no such relation to the defendants as to justify his dispossession under the writ.   Appellant further contends that, if respondents' rights were otherwise plain, they have slept on it too long to invoke this summary remedy.

The judgment was affirmed in March, 1882, and this motion was made in January, 1889.   The writ of possession was executed and appellant dispossessed in August, 1882, and appellant re-entered in November, 1882, and was in possession more than six years after his re-entry—a period more than sufficient to quiet title by adverse possession; and if the possession were adverse, as it may have been, and had ripened into a title, it was then a new title, which could not be affected by the former judgment.   Without undertaking to fix a limitation as to the time within which proceedings of this character generally may be taken, but confining ourselves to cases where the proceeding is taken against one who was not a party to the judgment, there can be no doubt that, where the lapse of time after the re-entry is sufficient to create a title in an adverse possessor and bar an action of ejectment, the motion should not be entertained.   It is not necessary to consider, and we do not decide, whether in any case under section 1210, Code of Civil Procedure, an alias writ can issue after the judgment becomes dormant.   In the case at bar, as we have seen, the judgment having been fully executed by putting the plaintiff in possession, an alias writ could not issue except upon an adjudication that appellant was guilty of a contempt, and there was no such adjudication.   The order, as made, was simply that an alias writ issue, and that seems to have been the sole object of the motion.   Appellant here occupied a situ-

ation precisely similar to that occupied by Elizabeth Muir and Peter Baker in the case of Huerstal v. Muir, 64 Cal. 450, 2 Pac. 33, where an appeal from a similar order was entertained. The exclusion of the evidence offered by appellant requires a reversal of the order, but we think the facts disclosed by the evidence put in by Hess and Slater, the moving parties, show that the motion should not be entertained. We therefore advise that the order appealed from be reversed, with a direction to the court below to dismiss the motion.

We concur: Belcher, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed, with a direction to the court below to dismiss the motion.

### PETITION FOR REHEARING.

### February 3, 1893.

PER CURIAM.—Ordered: The petition for a rehearing herein is denied, but the judgment of the department is hereby modified so as to read as follows: "The order appealed from is reversed and the cause remanded for further proceedings."