# 12-09-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCUS WILLIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Marcus Willis appeals his conviction for indecency with a child, for which he was sentenced to ten years of imprisonment. In one issue, Appellant contends that the trial court erred by refusing to consider the full range of punishment during the revocation hearing. We affirm.

### BACKGROUND

Appellant was charged by indictment with indecency with a child, a second degree felony.[1] Appellant pleaded "not guilty." After a trial, the jury found Appellant guilty of the offense as charged in the indictment, and assessed his punishment at ten years of imprisonment with a $5,000.00 fine. However, the jury found that Appellant was eligible for probation and recommended that he be granted probation for ten years. The trial court suspended imposition of Appellant's sentence and placed him on community supervision for ten years. One of the terms of Appellant's community supervision was that he not reside, go in, on, or within five hundred feet of a premises where children commonly gather, including a school, day care facility, playground, public or private youth center, public swimming pool, or video arcade facility, without the permission of his supervision officer or the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (Vernon Supp. 2009).

On May 4, 2009, the State filed an application to revoke Appellant's community supervision, alleging that Appellant violated the conditions of his community supervision by residing within five hundred feet of a place where children commonly gather. Appellant pleaded "not true" to committing the act alleged in the State's motion. At the conclusion of the revocation hearing, the trial court found that the allegations in the State's application were true, granted the application, revoked Appellant's community supervision, and assessed his punishment at ten years of imprisonment. In sentencing Appellant, the trial court stated as follows:

> In cases where a jury has granted punishment in a case, my decision's easy because I impose what the jury said. And the jury in this case said 10 years' imprisonment in the Institutional Division along with a $5,000 fine. So the Court imposes that sentence because that's what the jury in this case said that you should be punished if you were unsuccessful in carrying out the probation they've decided to grant to you that day.
>
> That's their purview. It's completely up to them. I never second guess what a jury does. They are right because they evaluate the facts and they make those decisions.

Appellant did not object. When asked if there was anything else on the defense's side, Appellant stated "no." This appeal followed.

## FULL RANGE OF PUNISHMENT

In his sole issue on appeal, Appellant argues that the trial court erred by not considering the full range of punishment, and thus violated his constitutional right to due process. The State contends that Appellant failed to preserve error by making a timely objection to the trial court.

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.– Texarkana 2002, pet. ref'd). However, as a prerequisite to presenting a complaint for appeal, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). The request, objection, or motion must state the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). The trial court must have ruled on the request, objection, or motion, either expressly or implicitly. TEX. R. APP. P. 33.1(a)(2)(A). If the trial court refused to rule, the complaining party must have objected to the refusal. TEX. R. APP.

2

P. 33.1(a)(2)(B).

Appellant could have objected to the trial court's alleged refusal to consider the full range of punishment, but did not. In ***Hull v. State***, the trial court admonished the appellant that the court would apply a policy of "zero tolerance" when it probated his sentence. ***Hull v. State***, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). The court of criminal appeals concluded that the appellant, who did not object to the admonishment when his conditions of probation were imposed or when his probation was revoked, waived any complaint about the trial court's "zero tolerance" policy. ***Id.*** at 217-18. Similarly, in this case Appellant did not timely object to the trial court's statement allegedly indicating a predetermined sentence when the trial court revoked his community supervision. *See* ***Washington v. State***, 71 S.W.3d 498, 499-500 (Tex. App.—Tyler 2002, no pet.). As such, Appellant has waived his issue on appeal. *See* Tex. R. App. P. 33.1(a)(1). Appellant's sole issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3