# Court of Appeals

## Tenth Appellate District of Texas

---

### 10-24-00211-CR

---

Julio Arellano-Alvarez,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2020-1552-C2

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Julio Arellano-Alvarez was convicted of continuous sexual assault of a child and sentenced to 35 years in prison. *See* TEX. PENAL CODE § 21.02. We affirm the trial court's judgment.

### ADMISSION OF EVIDENCE

Alvarez initially complains on appeal that the trial court abused its discretion when the court "compelled" him to admit a forensic video into

evidence. Specifically, he contends the trial court refused to allow him to impeach the witness with prior inconsistent video-recorded statements made in the admitted forensic video and also refused to allow him to refresh the witness's memory with those statements outside the presence of the jury.

Rule 33.1 of the Texas Rules of Appellate Procedure provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the party "stated the grounds for the ruling … sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1; *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Thus, the party complaining on appeal must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the very complaint that party is now making on appeal. *Golliday v. State*, 560 S.W.3d 664, 669 (Tex. Crim. App. 2018); *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

In this case, Alvarez never complained to the trial court that the court improperly denied his right to impeach the witness or improperly refused to allow him to refresh the witness's memory outside the presence of the jury. Accordingly, these complaints on appeal are not preserved.[1] *See* TEX. R. APP.

---

[1] That Alvarez appears to couch this first issue in terms of the right to confrontation and the denial of due process is of no consequence—these complaints must be preserved as well, which Alvarez did not do. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (Confrontation Clause claims); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (Due Process claims).

P. 33.1(a); *Guedea v. State*, 683 S.W.3d 549, 555 (Tex. App.—Waco 2023, no pet.).

Alvarez's first issue is overruled.

**EXCLUSION OF EVIDENCE**

Next, Alvarez contends the trial court abused its discretion by excluding alleged evidence of the bias of the State's expert witness. Specifically, Alvarez wanted to show the witness's financial bias. This complaint is also not preserved.

Unless the substance of the evidence was apparent to the trial court, to preserve error regarding the exclusion of evidence, the offering party must make an "offer of proof" conveying the substance of the proffered evidence. *See* TEX. R. EVID. 103(a)(2); *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007). *See also Aschbacher v. State*, 61 S.W.3d 532, 538 (Tex. App.—San Antonio 2001, pet. ref'd).

After the trial court sustained the State's objection to a line of questioning by Alvarez, which was not about financial bias, Alvarez failed to make an offer of proof of the alleged excluded evidence. Further, Alvarez's statement, "going towards financial bias," made in response to the State's objection, failed to inform the trial court of the substance of the evidence he

wished to introduce.[2]  Thus, he failed to preserve his complaint for review.

Alvarez's second issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.



_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  August 28, 2025

Before Justice Smith,
     Justice Harris, and
     Senior Justice Davis[3]
Affirmed
Do Not Publish
CRPM

---

[2]  "Merely stating that an aim to uncover bias does not inform the court specifically of the excluded content."  *Gardezi v. State*, No. 14-18-00077-CR, 2021 Tex. App. LEXIS 6662, at *6 (Tex. App.—Houston [14th Dist.] Aug. 12, 2021, pet. ref'd) (not designated for publication).

[3]  The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.