ALVA R. ST. JOHN

v.

CRAYTON H. CONGER.

1. RECORDING ACT — *effect of recording instruments not entitled to record, as notice.* The record of an instrument not entitled by law to be recorded, is of no avail as notice.

2. So, where a deed was recorded in another county than that in which the land lay, and afterward a copy from such record was recorded in the proper county, it was *held,* that the record of the copy could not avail as notice to a subsequent purchaser, because such copy was not entitled by law to be recorded.

3. It may be, that if a party can be clearly proven to have read the record, in such a case, he should be held to have derived from it the same degree of actual knowledge that he would have derived from seeing a copy of an instrument in the hands of a private individual. But the law does not presume him to have read the record of an instrument not authorized to be recorded, as it does where the instrument is legally upon record.

4. SUBSEQUENT PURCHASERS — *what circumstances should put them upon inquiry, apart from a proper record of title.* The mere fact, that a purchaser of land has knowledge that another person holds a prior deed for the same premises, will not put him upon inquiry as to what title the grantor of the prior purchaser may have had. The subsequent purchaser has a right to presume, in the absence of any other information, that whatever title the prior purchaser has is on record, as the law requires it to be, and that he has no title if the record shows none.

5. So, where the record only disclosed a mortgage from the common source of title, to the grantor of the prior purchaser, the subsequent purchaser had a right to presume, that the prior purchaser had acquired only the interest of his grantor as mortgagee, and would be protected against a prior unrecorded deed to such grantor, of which he had no actual knowledge.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of ejectment, brought in the court below, by Crayton H. Conger against Alva R. St. John, to recover the north-east quarter of section twenty-seven, in township thirteen, north of range two, east, in Knox county. A trial resulted in a finding and judgment in favor of the plaintiff.

The defendant thereupon took this appeal. The opinion of the court contains a sufficient statement of the case.

Mr. T. G. FROST, for the appellant.

Mr. A. M. CRAIG, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, in which the plaintiff claimed through a deed from Robert McNemony to Peter H. Schenck, executed August 31, 1826, and improperly recorded in Madison county in 1846, the land lying in Knox county. Subsequently a copy of the record of the deed in Madison county was recorded in Knox. There was also a mortgage from McNemony to Schenck, properly recorded in 1820, and a deed from Schenck to Whittemore in 1835, and a chain of conveyances from Whittemore to the plaintiff. The original deed from McNemony to Schenck had never been reduced to record in Knox county. The defendant claimed under a deed from the heirs of McNemony to one Lancaster made and recorded in 1862.

It is insisted that the record of the copy of the deed from Madison county was sufficient to put subsequent purchasers upon inquiry. To hold that parties ought to have been put upon inquiry by this record, would be precisely the same thing as holding them affected with notice. This would be giving to the record of an instrument, not entitled to be recorded, the same force, as to notice, that we give to one legally reduced to record. We do not think any authority can be found in support of this proposition. On the contrary, the familiar rule, and one laid down by this court, is, that the record of an instrument not entitled by law to be recorded is of no avail as notice. *Moore* v. *Hunter*, 1 Gilm. 317. It is said, that a purchaser, as a matter of fact, receives the same information from the record of a copy as from the record of an original instrument. That may be true. But the broad difference is this: The statute only authorizes the record of original instruments, and it makes

that record conclusive evidence of notice. It matters not that a subsequent purchaser has not, as a matter of fact, seen the record. If the instrument has been legally recorded, the law presumes him to have seen it, and holds him to the consequences of such knowledge. Not so as to the registry of a copy. It may be that if a party can be clearly proven to have read the record, he should be held to have derived from it the same degree of actual knowledge that he would have derived from seeing a copy of an instrument in the hands of a private individual. He might be considered as put upon inquiry. But the law does not presume him to have read the record of an instrument not authorized to be recorded. In the case before us, there is no evidence that the defendant, and the intermediate parties through whom he claims from the heirs of Mc-Nemony, had actual knowledge of the record of the copy or had ever seen such record.

It is also urged, that the subsequent deed from Schenck to Whittemore should have put the defendant, and those under whom he claims, upon inquiry as to whatever title Schenck had. This proposition in effect is, that if a person has made a deed of a tract of land having no recorded title, he must, nevertheless, be supposed to have had some title, and subsequent purchasers must take notice of whatever title he had. Much as registry laws have been frittered away by the doctrine of putting parties upon inquiry, we do not think any court has ever gone to the extent of adopting this rule. It would substantially defeat the object of registry laws. Their object is, to provide a public record which shall furnish, to all persons interested, authentic information as to titles to real estate, and enable them to act on the information thus acquired. This rule would require a person purchasing from one who has the title on record, to take, subject to the unrecorded deeds of persons claiming under a chain of title having no connection of record with the true source of title. If such purchaser is to be held to notice of such a chain of title at all, he has the right to presume, in the absence of any other information, that whatever title the persons claiming under such chain

have, is on record, as the law requires it to be, and that they have no title if the record shows none. Here the record shows that Schenck had a mortgage from the owner, and when the defendant purchased, he had a right to presume that the grantees under Schenck had acquired only his interest as mortgagee. That was all the record disclosed, and any other construction would make the record a snare. In the case of *Ogden* v. *Haven*, 24 Ill. 59, as in the other cases cited by the plaintiff's counsel, there was proof either of actual knowledge, or of circumstances which would have put an honest man upon inquiry. None of these are a precedent for the rule contended for by the plaintiff in the present case. The judgment must be reversed.

*Judgment reversed.*