THE CITY OF CHICAGO

*v.*

JOHN WITT.

1. NOTICE OF UNRECORDED DEED — *whether afforded by the record.* Where the grantee in an unrecorded deed conveyed the land to a party, and he to another, which last deeds were recorded, but neither of which contained any recital of the unrecorded deed, or that title was claimed under it, it was *held* that the record of the two last deeds afforded no notice of the unrecorded deed. . Had such deeds contained such a recital, they no doubt would have afforded constructive notice of the existence of the unrecorded deed.

2. SAME — *facts to give actual notice.* The mere fact that a purchaser of land, some time before his purchase, had an interview with his grantor, who informed him that at that time he was not able to make a good title, but in a short time he would be, is not sufficient to give the purchaser notice of the existence of an adverse unrecorded deed to the same land.

3. SAME — *what is notice of.* It is difficult to lay down a general rule as to what facts will in every case be sufficient to charge a party with notice, or put him on inquiry whether a prior deed has been made. The information received must be of that character that a prudent person, by the exercise of reasonable and ordinary diligence, could upon inquiry and investigation arrive at the fact of the existence of such prior conveyance.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in equity, by the city of Chicago against Walter R. Frazier and John Witt, to remove clouds from the lands claimed by the city, created, as it was alleged, by fraudulent tax titles acquired by Frazier, and by a conveyance of the same fraudulently obtained by Frazier to himself, with intent to defeat the rights of the city. Before the hearing Frazier conveyed eighty acres of the land in dispute to the city, and the suit was dismissed as to him without prejudice as to the complainant's rights in the other tract of eighty acres held by Witt as the grantee of Frazier. The opinion of the court shows all the other material facts of the case.

Mr. GEO. SCOVILLE, for the appellant.

Mr. DANIEL J. AVERY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by the record which we deem it necessary to consider is, whether appellee, Witt, at the time he purchased the premises of Frazier, had notice of the prior unrecorded deed executed by Grove Lawrence to Vorce and Anderson, which was a link in appellant's chain of title, or was in possession of information that would put a prudent man upon inquiry in regard to the existence of such unrecorded deed.

The land in controversy was entered from the government in 1839 by Grove Lawrence.

In December, 1867, appellee purchased the premises of Frazier, who, a few days before, had obtained a deed from Charlotte E. L. Smith, sole devisee of Grove Lawrence.

At the time appellee purchased, the records of deeds of Cook county showed a deed dated October 12, 1843, recorded February 16, 1853, from Vorce and Anderson, to Wm. H. Brown, and also a deed from Brown to appellant, which was recorded February 15, 1853; but no deed was upon record from Grove Lawrence to Vorce and Anderson.

Appellee was chargeable with constructive notice of such deeds as appeared upon record; but from the deeds shown to have been recorded, did he have constructive notice of the unrecorded deed in appellant's chain of title ?

Had the deed to Brown, or the one from him, contained a recital that Brown's grantors had acquired title from Grove Lawrence, such, no doubt, would have been notice to appellee that Lawrence had conveyed, but neither of those deeds contained any intimation of that character.

The record was entirely silent as to the source from which Vorce and Anderson derived title to the premises.

The fact alone that appellee found upon the records a deed from Vorce and Anderson to Brown, and one from Brown to appellant, could be no notice whatever to him that the original owner, Lawrence, had conveyed his interest in the land.

This point was fully settled in the case of *St. John* v. *Conger*, 40 Ill. 535. A different rule would in effect abrogate the registry laws of the State, the object of which was to furnish a public record where all can obtain correct information in regard to who is the owner of the title to real estate.

When a party goes to the record and it shows the title to land stands in A, but at the same time it discloses a deed from B to C, to hold that such would be notice that B had obtained title from A, would make the record a delusion rather than a depository of information upon which the public could safely act and rely in the purchase of real estate.

When appellee purchased the premises, while on the one hand he was bound to know what the record disclosed, whether he examined it or not, on the other hand he had a right to rely upon the information it contained as to the person in whom it showed the title; and as the record failed to show a deed from the original owner, he was not bound to conjecture or presume a deed had been made to appellant's remote grantor.

It is, however, urged, that independent of the record, appellee had notice of facts sufficient to put him upon inquiry, and therefore is chargeable with notice.

At the time appellee purchased, he was in the possession of the land, and had occupied it the two preceding years as the tenant of Frazier. A short time before he purchased, in a conversation with Frazier, who had not at that time acquired a deed of Charlotte E. L. Smith, devisee of Lawrence, but then held under a tax title, appellee inquired of Frazier if he could give him a good deed of the land. Frazier replied he could not, but after awhile he could.

At this interview it does not appear that Frazier communicated to appellee from whom he derived title, under whom he

214          THE CITY OF CHICAGO *v.* WITT.          [Sept. T.

Opinion of the Court.

claimed, or that any information was given in regard to the title, except that he could not then, but in a short time could, convey a good title to the land. It would be a strange doctrine to hold that from the mere fact that appellee learned that Frazier's title was defective, therefore he was bound to know that an unrecorded deed was in existence from Lawrence to Vorce and Anderson.

While it is difficult to lay down a general rule as to what facts would in every case be sufficient to charge a party with notice or put him upon inquiry, yet it is safe to say, that the information received ought to be of that character that a prudent person, by the exercise of reasonable and ordinary diligence, could, upon inquiry and investigation, arrive at the fact that a prior conveyance had been made.

The information received by appellee had no tendency whatever to unfold any fact which upon investigation would disclose the fact of a prior unrecorded deed.

No channel of information was open which, when followed to a legitimate result, would lead him to the fact of the unrecorded deed in appellant's chain of title. *Morris* v. *Kelly*, 22 Ill. 610.

The abstract of title furnished by Frazier to appellee, it is said, was sufficient to put him upon inquiry. We see nothing in the abstract calculated to raise even a suspicion in appellee's mind; it contained the chain of title of Frazier, with a certificate that the record showed no conveyances from the government, Grove Lawrence, and the executrix, the sheriff of Cook county, or Frazier, except as stated in the abstract. While it may not have been in the usual or ordinary form in which abstracts are prepared, yet it contained no fact calculated to raise a doubt in the mind of appellee in regard to the honesty of the Frazier title, and it contained nothing calculated to raise a suspicion that Lawrence had previously conveyed.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*