WESLEY J. TRAPHAGEN, APPELLANT, V. LIZZIE W. IRWIN AND SARAH J. POUND, APPELLEES.

1. Conveyance: RECORD: NOTICE. The record of a conveyance or mortgage is constructive notice to those only who must trace their title through the grantor or mortgagor.

2. ———: ———: ———. A deed or mortgage of real estate executed by a party out of possession and having no record title or apparent interest in the premises is not alone, when recorded, constructive notice of the title or interest of such grantee or mortgagee against one who traces his title from the apparent owner.

3. **Judgment:** PRACTICE. Leave given the plaintiff to require the defendant to marshal securities and exhaust those upon which the plaintiff has no lien, before resorting to the latter.

APPEAL from Lancaster county. Tried below before MITCHELL, J.

*J. R. Webster* and *W. E. Stewart*, for appellant, cited: *Wing v. McDowell*, Walk. Ch., 183. *Growning v. Behn*, 10 B. Mon., 385. *Uhl v. Rau*, 13 Neb., 360. *Morse v. Godfrey*, 3 Story, 389. *Gafford v. Stearns*, 51 Ala., 443. *Powell v. Jeffries*, 4 Scam., 391. *Zorn v. R. Co.*, 5 S. C. (Richardson), 97–98. *Manhattan Co. v. Everston*, 6 Paige, 457. *Cary v. White*, 52 N. Y., 141. *Holbrook v. Tirrell*, 9 Pick., 108. *Gilbert v. Bulkly*, 5 Conn., 264. *Fawcetts v. Kimmey*, 33 Ala., 264. *Kearsing v. Kilian*, 18 Cal., 494. *Holmes v. Trout*, 7 Peters, 213. *Howard v. Huffman*, 3 Head., 563. *Hall v. McDuff*, 24 Me., 312. *Parker v. Kane*, 4 Wis., 12.

*Harwood, Ames & Kelly*, for appellees, cited: *Edminster v. Higgins*, 6 Neb., 265. *Rhea v. Reynolds*, 12 Neb., 128. *Galway v. Malchow*, 7 Id., 285. *Chicago v. Witt*, 75 Ill., 211. *Fenno v. Sayre*, 3 Ala., 478. *Calder v. Chapman*, 52 Pa. St., 359. *Lightner v. Mooney*, 10 Watts, 407. *Losey v. Simpson*, 3 Stockt. Ch., 246. *Cook v. Travis*, 20 N. Y., 402. *St. John v. Conger*, 40 Ill., 535.

MAXWELL, J.

This is an action to foreclose a mortgage upon lot 7, in block 242, of Lincoln, alleged in the petition to have been executed by William Royce and wife to the plaintiff. The court below found the issues in favor of the defendants and that the mortgage was void as to them. The plaintiff appeals.

It appears from the record that in January, 1882, one B. F. Cobb was the owner of the lot in question, and it is

alleged that on the 20th day of that month he executed a warranty deed for said lot to one William Royce; that thereupon Royce executed a mortgage upon said lot to the plaintiff to secure the sum of $400, payable three years from date, with interest at 10 per cent. Royce's wife claims she did not sign the mortgage or give her assent to it. Royce, so far as appears, never had possession of the property, and failed to record his deed.

The mortgage to Traphagen was delivered to Cobb, and with the note of Royce accompanying the same was sold to the plaintiff, who was a resident of Illinois. To induce the plaintiff to purchase the same, Cobb, who seems to have kept an abstract of titles, sent an abstract of title of lot 7 wherein the deed from him to Royce is marked as having been recorded January 20th, 1882. Cobb, at this time and for more than two years thereafter, seems to have been in good repute, and entrusted by the plaintiff and others with their business, and there is no doubt that so far as the plaintiff is concerned he acted in the utmost good faith. On or about the 7th day of April, 1884, Cobb, being the apparent owner of said premises, entered into a written agreement for the sale of the same to Sarah J. Pound, who immediately took possession thereof and has retained possession ever since. On or about the 24th of September, 1884, Cobb being still the apparent owner of record of said lot, and being indebted to the defendant Irwin in the sum of $2,450 conveyed said premises to her with other property by warranty deed. This deed was recorded the next day. This deed, though in form absolute, was intended as a mortgage. Up to this time neither the defendant Irwin or Pound had actual notice of the mortgage to the plaintiff; nor did they have such notice until about the 1st of October, 1884.

On the 4th of October, 1884, Cobb and wife made a quit-claim deed of the lot to the defendant Irwin, and about the same time he made a formal assignment of his interest

in the contract above referred to with Mrs. Pound, and on the 8th of that month Mrs. Pound took a new contract from the defendant Irwin. On the 9th of that month Royce and wife made a quit-claim deed of the lot to the plaintiff. That the defendants Irwin and Pound, as well as the plaintiff, have acted in good faith in this transaction there is not a shadow of doubt. The only question that need be determined is, whether or not the recording of the mortgage to the plaintiff was constructive notice to the defendants Irwin and Pound.

A deed duly acknowledged and recorded is constructive notice to all persons claiming through or under the grantor. *Johnson v. Stagg*, 2 Johns., 510. *Rogers v. Burchard*, 34 Texas, 453. *Doe v. Beardsley*, 2 McLean, 412. *Bates v. Norcross*, 14 Pick., 231. *Schutt v. Large*, 6 Barb., 373. *Flynt v. Arnold*, 2 Met., 619. But where the party executing the deed or mortgage is not in possession and has no record title or apparent interest in the premises, a mortgage executed by him upon such premises is not constructive notice to creditors of or subsequent purchasers from the apparent owner. *Chicago v. Witt*, 75 Ill., 211. *Fenno v. Sayre*, 3 Ala., 458. *Calder v. Chapman*, 52 Penn. St., 359. *Lightner v. Mooney*, 10 Watts, 407. *Losey v. Simpson*, 3 Stockt. Ch., 246. *Cook v. Travis*, 20 N. Y., 402. *St. John v. Conger*, 40 Ill., 535.

The reason is, the record of a conveyance or mortgage is constructive notice to those alone who must trace their title through the grantor or mortgagor by whom the deed or mortgage was made. 2 Pomeroy's Eq., § 761, and cases cited. The plaintiff's mortgage, therefore, was not constructive notice to the defendants.

It is apparent, however, that the plaintiff has rights in the premises which will be protected as far as possible. The defendant Irwin received a deed for a large amount of real estate, as heretofore stated, in September, 1884. This deed, though absolute in form, was in fact merely a mort-

gage. The quit-claim deed delivered a few days afterwards was executed after the defendants had actual notice of the plaintiff's rights. The value of the property thus mortgaged does not appear from the evidence; but if in excess of the defendant Irwin's claims against Cobb, the plaintiff has leave to require her to marshal such securities and exhaust all the property described in the mortgage except the amount due from Mrs. Pound for lot 7, in block 242, in Lincoln, before resorting to the latter fund; and that she receive only so much out of that fund as will satisfy her claim, and assign the remainder to the plaintiff. In all other respects the judgment of the court below is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.