[14736. In Bank.—June 9, 1893.]

SAMUEL GARBER, RESPONDENT, v. VINCENZA GIANELLA, APPELLANT.

CONVERSION OF WHEAT CROP—RIGHTS OF GRANTEE OF LAND—UNRECORDED LEASE. — In an action for the conversion of wheat, where the plaintiff claimed title thereto by virtue of his ownership of the land, subject to a lease to a third party, and the defendant claimed the wheat by virtue of a lease executed by him to such third party prior to the acquisition of the land by the plaintiff, it appearing that the plaintiff's grantor had theretofore 'leased the premises to the defendant by an unrecorded lease, and that he in turn had leased them to such third party for an interest in the crops, but that the plaintiff knew nothing of the lease to the defendant, or that defendant was the lessor of such third party when he purchased the land, having been informed merely that he was not to disturb the possession of such third party, and that he was to receive the rents and issues of the land, and that a clause was inserted in the deed to the plaintiff in the covenant of quiet enjoyment, making it "subject, however, to a lease" to such third party, but naming no lessor and containing no reservation of the rents to be paid by such third party, the plaintiff is entitled to judgment for the conversion of the wheat by the defendant.

ID. — EFFECT OF CONVEYANCE OF LAND—RIGHT TO RENTS AND PROFITS—LIMITATIONS. — A conveyance of land passes title to its rents, issues, and profits, subject only to such limitations as are contained in the instrument of transfer, or of which the grantee has actual or constructive notice.

ID. — RECORD OF LEASE REQUIRED BY RECORDING ACT. — A lease of land is a "conveyance" thereof within the meaning of section 1215 of the Civil Code, requiring a record of all conveyances of land, and the interest thereby created in the lessee, though limited to a right to receive the products of the land, is equally as void against a subsequent purchaser of the land, with no notice of the lease by reason of the failure to have it recorded, as if it were an unrecorded conveyance in fee.

ID. — EFFECT OF RECORD OF LEASE FROM LESSEE HAVING UNRECORDED LEASE— CONSTRUCTIVE NOTICE. — No constructive notice is given of the rights of a lessee under an unrecorded lease by reason of the record of a lease from him to a second lessee, and a grantee of the original lessor is not affected with constructive notice of the rights of such first lessee, although his deed is expressly subject to the second lease, no lessor being named in the deed.

ID. — OBJECT OF RECORDING ACT—RIGHTS OF STRANGERS TO TITLE—NOTICE. — The provisions of recording acts are for the protection of subsequent purchasers and encumbrancers from the common grantor, and do not affect the rights of strangers to the claim of title. Records are only constructive notice of a title of which they enable a party to obtain actual knowledge by means of a search.

ID. — ACTUAL NOTICE—BURDEN OF PROOF. — A lessee under an unrecorded lease who has leased to a second lessee, and claims an interest in the crops under such lease, has the burden of proving actual notice of his rights to a grantee of his lessor, who takes merely subject to the second lease, without being informed as to the name of the lessor of such lease.

NONSUIT—ALLOWANCE OF ADDITIONAL PROOF AFTER DENIAL OF MOTION—DISCRETION. — It is within the discretion of the trial court to allow a plaintiff, after the denial of a motion for a nonsuit, to supplement his case by additional proof.

ID. — EFFECT OF GENERAL OBJECTION TO EVIDENCE. — An objection to allowing any further testimony, upon the ground that after the denial of the motion for a nonsuit it was incompetent to call other witnesses, cannot be used as against any particular testimony thereafter introduced that was not specially objected to.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. G. Murphy,* and *Barney & Donohoe,* for Appellant.

*M. E. Sanborn,* for Respondent.

HARRISON, J. — The plaintiff recovered a judgment in this action against the defendant for the conversion of certain wheat. The plaintiff claimed title to the wheat by virtue of his ownership of the land, and the defendant by virtue of a lease executed between him and one Boulware prior to the acquisition of the land by the plaintiff. The land is situated in Yuba County, and was originally owned by Lorenzo Gianella, the father of the defendant, and was conveyed to the plaintiff by a deed of conveyance bearing date April 12, 1888, and recorded two days thereafter. The deed was an ordinary grant, bargain, and sale deed of the land in question, "together with the rents, issues, and profits thereof," and contained the following covenant: "And the said party of the first part and his heirs, the said premises in quiet and peaceful possession of the said party of the second part, and his heirs and assigns, against the said party of the first part and his heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant, and by these presents forever defend, subject however to a lease to Daniel Boulware, which said lease expires November 1, 1889." The defendant testified that his father had given him a lease of a tract of land, including that conveyed to the plaintiff, upon a money rent, for the term of five years, expiring November 1, 1889, and by virtue thereof on the sixth day of September, 1886, he had leased the same to Boulware for the term of three years from November 1, 1886, by the terms of which Boulware was to pay him a yearly rent or sum of one third of the crops in the stack at the machine. The lease from Lorenzo Gianella to the defendant was not acknowledged or recorded, and the lease from the defendant to Boulware was recorded at the request of the defendant April 3, 1888. The wheat which the defendant is charged

with having converted is that which was delivered by Boulware to him in accordance with the terms of the lease between them.    While the plaintiff was negotiating for the purchase of the land, he was informed that there was a lease to Boulware which did not expire till a year from the ensuing fall; but he was not informed who was the lessor to Boulware, and testified that he supposed that it was his grantor.    Other testimony was given to the effect that at the time of the negotiation it was the understanding between the plaintiff and the brokers who had charge of the sale that the plaintiff was not to disturb Boulware in his possession, and was to receive all the rents and issues of the land.

The conveyance from Lorenzo Gianella to the plaintiff had the effect to transfer to him the entire ownership of the land, including its rents, issues, and profits, subject to only such limitations as were contained in the instrument of transfer, or of which the plaintiff had either actual or constructive notice. As the lease to the defendant from his father was not recorded, there was no constructive notice thereby to the plaintiff of its existence.    The lease was a "conveyance" of the land within the definition of section 1215 of the Civil Code, and the interest in the land that was thereby created in the defendant, though limited to a right to receive the products of the land, was as void as against the plaintiff, by reason of the failure to have it recorded, as if it had been an unrecorded conveyance in fee. The record of the lease from the defendant to Boulware was not constructive notice of the lease to the defendant, or that he had any interest in the land.    The provisions of recording acts are for the protection of subsequent purchasers and encumbrancers from the common grantor, and do not affect the rights of strangers to the claim of title.    (*Chicago* v. *Witt*, 75 Ill. 211; *Losey* v. *Simpson*, 11 N. J. Eq. 249; *Traphagen* v. *Irwin*, 18 Neb. 198; *Ely* v. *Wilcox*, 20 Wis. 523; *Long* v. *Dollarhide*, 24 Cal. 227; 2 Pomeroy's Equity Jurisprudence, sec. 658, 701.) Records are only constructive notice of a title of which they enable a party to obtain actual notice or knowledge by means of a search.    As the record did not impart any constructive notice to the plaintiff of the rights of the defendant in the land, it was necessary for him to show that the plaintiff had actual

XCVIII. CAL.—34

notice of such rights before he made his purchase, and of this the burden was upon the defendant. The record, however, fails to show that the plaintiff was ever informed, either by the defendant himself or by any other person, that the defendant claimed any interest in the land, or that he was the owner of the leasehold estate under which he seeks to defend this action. The clause in the conveyance to the plaintiff, "subject, however, to a lease to Daniel Boulware, which said lease expires November 1, 1889," does not contain or imply any notice of this character, and is entirely consistent with the title which the deed purported to transfer. Not naming any one as the lessor to Boulware, and being found as a limitation upon a covenant on the part of the grantor, the natural construction to be given to the language of the instrument is that which was testified to by the plaintiff, and those through whose agency he affected the purchase, viz., that the possession of Boulware was not to be disturbed until the time named in the deed as the termination of his lease. · The deed does not contain any reservation of the rents that were to be paid by Boulware under this lease, and the grant of the rents, issues, and profits of the land in a previous portion of the deed justified the belief that whatever rents were to be paid by Boulware were to belong to the plaintiff herein. If it had been intended that such rents should be reserved for the defendant, there should have been an express mention thereof in the deed.

It clearly appears from the record that the plaintiff was wholly ignorant of any claim by the defendant to an interest in the land or in the lease to Boulware, until many months after he had made the purchase, and the position which the defendant held in the matter of the purchase by the plaintiff gave him every opportunity for giving to the plaintiff actual notice of his unrecorded lease. As the representative of his father he had placed the property in the hands of the brokers for sale, and after the sale to the plaintiff had been effected by them, and the deed sent for execution to his father, who lived at Santa Rosa, the defendant wrote for the deed, and it was returned to him, executed by his father and containing the foregoing clause in reference to Boulware's lease; and upon its receipt the defendant notified the plaintiff thereof, and they went together to a bank-

ing house in Marysville, where the money was paid to him, and the deed delivered by him to the plaintiff. It was then incumbent upon the defendant, if he had intended to claim an interest in the land by virtue of the lease to Boulware, to notify the plaintiff thereof, and his failure to do so estops him from now claiming that the deed did not transfer the land according to its terms. Whatever ambiguity there is in the deed in its reference to the Boulware lease, is to be construed as strongly against the defendant as against the grantor in the deed, and, inasmuch as that cause is consistent with the transfer of the entire ownership of the land, except as to the right of Boulware to remain there, we must hold that the plaintiff took the land discharged of any claim of the defendant.

Certain errors of law are specified in the statement, but none of them deserve any particular notice. It was within the discretion of the court to allow the plaintiff, after the motion for a nonsuit had been denied, to supplement his case by additional proof. The objection to allowing any testimony by the witnesses thereafter called, upon the ground that after the motion for the nonsuit had been denied it was incompetent to call them, cannot be used as against any particular testimony thereafter introduced, that was not specially objected to.

The judgment and order are affirmed.

DE HAVEN, J., BEATTY, C. J., and McFARLAND, J., concurred.