**Frank B. Pease, Appellant, v. David L. Frank et al., Appellees.**

### Gen. No. 17,925.

1. NOTICE, § 27*—*what is extent of notice of filing of attachment.* The proper construction of section 9 of the Attachment Act, J. & A. ¶ 500, is that from and after the filing of a certificate of levy such levy shall take effect as to creditors of, and bona fide purchasers from "the attachment debtor" without notice; and it was not intended by the legislature that the filing of an attachment lien against real estate in which it might be claimed the defendant had an equitable interest should operate as notice to grantees or others claiming under the holder of the legal title, but rather to those to whom the owner of the equitable title might convey.

2. EQUITY, § 404*—*when master's fees are not excessive.* An allowance of two hundred and fifty dollars, where a master spent fourteen days' time in connection with a case, there being numerous continuances, is not excessive.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Ap-

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

pellate Court at the October term, 1911. Affirmed. Opinion filed
October 14, 1913.

FRED H. ATWOOD and CHARLES O. LOUCKS, for appellant.

CHARLES L. BARTLETT and JAMES TURNOCK, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

The bill filed in this case is in aid of an execution issued on a judgment in an *assumpsit* suit in which a writ of attachment in aid had been levied on the right, title and interest of the defendant Havilah Davis in certain property described in the bill.

It appears that on July 15, 1899, one McGraw, for the use of complainant-appellant, commenced an *assumpsit* suit in the Circuit Court of Cook county for seven hundred and eighteen dollars against Havilah Davis. An attachment in aid was issued and levied as heretofore stated. At this time the record title was in Susan M. Davis, and it is claimed in the bill that she held it in trust for the use and benefit of Havilah Davis. The title (subject to the attachment levy, if the contention of the complainant is sustained) passed by sundry conveyances to other defendants in the bill. As we understand the record, the conveyances through which the defendants claim title were all made prior to October 10, 1901. On that day a judgment was rendered against Havilah Davis in the *assumpsit* suit (in which the attachment in aid had been issued), and on November 30, 1901, a general and special execution was issued and delivered to the sheriff of Cook county. On February 28, 1902, a return was made, with the following indorsement by the sheriff: "The within named defendant not found, and no property of the within named defendant found in my county on which to levy this writ, I therefore return the same, no

property found and no part satisfied, this 28th day of February, 1902."

The master found that the legal right to said premises, or any portion thereof, was never held by Havilah Davis; that the title to no portion of the premises was held in trust by said Havilah Davis, by any of the defendants.

The master further found that the said defendants, other than Havilah Davis and Susan M. Davis, had no actual notice of the circumstances surrounding the conveyances from Frank to Susan M. Davis, Frank to Dobbs, and Dobbs to Wilson, nor of the fact that Havilah Davis was the owner of the equitable title to said premises under said arrangement, and that Havilah Davis was not in the chain of title.

The master also found the grantees of Susan M. Davis having no actual notice of the facts and circumstances surrounding the said conveyances and of the arrangement between the parties, and having no actual notice of the equitable title of said Havilah Davis in the premises, and he not being in the chain of title, and there being no fraud shown on their part, that although the levy of the writ of attachment and the recording of the certificates thereof was brought to the attention of the defendants by a notation appearing in the abstract of title examined by them, it was not sufficient to put them upon inquiry and charge them with constructive notice, that they were therefore bona fide purchasers for value without notice.

A decree was entered in the case, fixing the master's fees at the sum of two hundred and fifty dollars and taxing the same as costs, overruling all exceptions to the master's report, confirming the same and dismissing the amended bill of complaint at complainant's cost.

The following points are relied upon by complainant-appellant for reversal: First, that the levy of the attachment upon the property and the recording by the sheriff of the certificate in the recorder's office is

the only seizure that could be made of Havilah Davis' interest in the property, and is a sufficient seizure to hold the property to abide the issue of the attachment; second, that actual notice of the levy of the attachment on Havilah Davis' interest, which all the defendants had, is sufficient notice of his interest; third, that the defendants who acquired title to the property, or parts thereof, had actual knowledge of facts and circumstances connected with the conveyance of the premises by Havilah Davis and Susan M. Davis, sufficient to have put them on inquiry as to the equitable title of Havilah Davis, and that by reason thereof they are chargeable with notice of the actual equitable title of said Havilah Davis; fourth, that the master's fees of two hundred and fifty dollars are excessive.

The defendants who have followed the appeal assert that the questions to be determined are three in number, and that all of them should be answered in their favor: First, did Havilah Davis have an equitable interest in the premises in question at the time of the writ of attachment in the case of *McGraw for the use of Pease v. Davis,* to-wit, July 5, 1899? Second, was the levy of such attachment against Havilah Davis (who had no title of record) constructive notice to subsequent purchasers of the premises in question from Susan M. Davis (who had the title of record) and from her grantees, near and remote? Third, has appellant lost his lien under the attachment proceedings by reason of the fact that the special execution issued in said cause has been returned by the sheriff, "defendant not found and no part satisfied?"

We understand the contention of the appellant to be that when, on the assumption that a defendant in an attachment suit has an equitable interest in certain real property, the plaintiff causes a levy of the writ to be made upon such alleged equitable interest, and afterwards (no matter how long) a judgment in attachment is recovered, the land (or so much as may be necessary to pay the judgment) may be sold in satis-

faction of the judgment, if it be shown that such equitable interest existed notwithstanding the fact that the holder of the legal title has conveyed it after the levy under the attachment writ; and that his further contention is that a suit in equity may be maintained in aid of the execution in the attachment suit.

If it be assumed (which we are not prepared to hold) that a court of equity may be resorted to in aid of a proceeding purely statutory, like attachment, and that appellant did not lose his lien under the attachment proceeding (if any he had) by reason of the fact that special execution was returned as above set forth, and if it further be assumed that Havilah Davis had an equitable interest in the premises in question at the time of the levy of the writ of attachment (which in our view of the case it is not necessary to decide), we still have for consideration the second question above referred to, namely, was the levy of the "attachment against Havilah Davis (who had no title of record) constructive notice to subsequent purchasers of the premises in question from Susan M. Davis (who had the title of record) and from her grantees, near and remote?"

We are of the opinion that the proper construction of section 9 of the Attachment Act (J. & A. ¶ 500) is as contended by the appellees. That act provides that "when a writ of attachment is levied upon any real estate, in any case, it shall be the duty of the officer making the levy to file a certificate of such fact with the recorder of the county where such land is situated; and from and after the filing of the same, such levy shall take effect, as to creditors and *bona fide* purchasers, without notice, and not before." The proper construction is that from and after the filing of the certificate of levy such levy shall take effect, as to creditors of and *bona fide* purchasers from, *the attachment debtor,* without notice, and that it was not the intention of the legislators that the provisions of

section 9 should have any other effect or force than is given to section 30 of the Conveyance Act (J. & A. ¶ 2262), which section is: "All deeds, mortgages and other instruments of writing which are authorized to be recorded shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed of record."

It was not the intention of the legislature that the filing of an attachment lien against real estate, in which it might be claimed the defendant had an equitable interest, should operate as a notice to grantees or others claiming under the holder of the legal title, but rather to those to whom the owner of the equitable title might convey. We are referred to no case directly in point, but are led to our conclusion by decisions analogous in principle, which have to do with the construction of section 30 of the Conveyance Act. *St. John v. Conger*, 40 Ill. 535; *City of Chicago v. Witt*, 75 Ill. 211; *Carbine v. Pringle*, 90 Ill. 302; *Booker v. Booker*, 208 Ill. 537.

The master's fees were fixed at two hundred and fifty dollars. It would appear that he spent fourteen days' time in connection with the case, and that there were numerous continuances which necessarily caused loss of time. We do not think the allowance excessive.

The decree will be affirmed.

*Affirmed.*