Appellate Department, Superior Court, San Francisco

[Civ. A. No. 1439.   February 10, 1942.]

CARLO BASCH et al., Respondents, v. TIDEWATER ASSOCIATED OIL COMPANY, Appellant.

William F. Kiessig and Edmund D. Buckley for Appellant.

Belli & Leahy for Respondents.

McWILLIAMS, J.—The court granted a rehearing in this case for the purpose of giving further consideration to the doctrine laid down in the *Smith* v. *Yule,* 31 Cal. 180 [89 Am. Dec. 167], and the other cases, which under varying circumstances, have followed and applied the principle of that case.[1] The consideration that we have given to the subject following the rehearing has led us to the conclusion that our original judgment of reversal was correct. The doctrine of the Yule case (supra) and of the cases that have followed it has been stated as follows:

"In order that possession by one other than the vendor of real property may constitute or establish notice to subsequent purchasers it must be hostile to and inconsistent with the record title. If the apparent possession is consistent with the record title, it is presumed to be referable thereto, and the purchaser need make no further inquiry, but may rely on the record title." (25 Cal. Jur., page 840.)

On the basis of this doctrine respondents argue that as bona fide purchasers, they were not bound by the supplemental agreement between appellant and its lessor. Of that supplemental agreement which modified the lease in the matter of the rent to be paid, respondents concededly knew nothing at the time they purchased the property. Hence, they argue, they may enforce the provisions of the original lease and exact the rent provided for therein. In considering the situation it must be borne in mind that respondents do not contend that they are seeking to enforce the terms of the actual agreement that existed between appellant and its lessor at the time that respondents bought the property. They, impliedly at least, concede that the supplemental agreement would prevail as between the parties to it. Nor do they claim that any estoppel exists against appellant which will preclude appellant from invoking the terms of the supplemental agreement. Instead they contend in effect that since they were bona fide purchasers, having bought the property without notice of the supplemental agreement, they are in a position to enforce the terms of the original lease regardless of the fact of its subsequent modification. That contention, in our opinion, overlooks the true nature of the doctrines of notice and of bona fide purchaser.

---

[1]For the facts in the instant case, see our prior opinion, post, p. 747, 117 P. (2d) 956.

The absence of notice is an essential requirement in order that one may be regarded as a bona fide purchaser. As a bona fide purchaser one who buys property is *protected against* the claims of interests of third persons. (*Boone* v. *Chiles,* 35 U. S. 177, 210 [9 L. Ed. 388], cited and followed in *Eversdon* v. *Mayhew,* 65 Cal. 163, 167 [3 Pac. 641].) As stated in the Idaho case of *Ewald* v. *Hufton,* 31 Ida. 373 [173 Pac. 247] :

"The doctrine of bona fide purchaser is peculiarly available for purposes of defense. This defense can be maintained only in favor of a title, though it may be defective, which a bona fide purchaser has, and it is not available for the purpose of creating a title."

To the same effect see *Manistique Lumbering Co.* v. *Lovejoy,* 55 Mich. 189 [20 N. W. 899] and cases therein cited. Also see 66 C. J., pages 1189, 1190. As has at times been said by the courts, the doctrine constitutes a shield and not a sword.

It is upon this theory, namely, that the doctrine constitutes a defense to a bona fide purchaser of property, that most of our California cases have been decided. Thus in the Yule case (supra) it was held that the plaintiff who sued to quiet title could not prevail and judgment in her favor was reversed because the defendant had been shown to be a bona fide purchaser. Although the plaintiff was in possession of the property purchased by the defendant at the time of such purchase the court held that since her possession was consistent with the record title, defendant was not put on inquiry and hence he was to be regarded as a bona fide purchaser with all the rights pertaining to such purchase. To the same effect were the holdings of the Supreme Court in the cases of *Schumacher* v. *Truman,* 134 Cal. 430 [66 Pac. 591] ; and *Aden* v. *City of Vallejo,* 139 Cal. 165 [72 Pac. 905].

It is true that in certain of our California cases the plaintiff has prevailed in actions in which he sought affirmative relief. But those cases come within the recognized exceptions to the general rule. As stated by Mr. Pomeroy (Equity Jurisprudence, 5th ed., sec. 779) :

"The peculiar theory upon which equity acts towards a bona fide purchaser seems of necessity to imply that he should be a defendant. There are a few special circumstances, however, in which the theory, consistently followed out, requires that he should be aided by affirmative relief. When these

circumstances are carefully examined, it will be found that the fault, or what equity regards as fault, of the party holding the prior title or interest, and against whom the affirmative relief is granted, is usually, if not always, the ground upon which the court interposes on behalf of the subsequent bona fide purchaser.''

Thus in the case of *Garber* v. *Gianella*, 98 Cal. 527 [33 Pac. 458], the plaintiff prevailed as a bona fide purchaser over the defendant who claimed a leasehold interest in the property involved. The circumstances shown, said the court, estopped the defendant from asserting his interest since he had had every opportunity to give the plaintiff notice of his lease and had failed so to do. Affirmative relief has also, at times, been extended to the bona fide purchaser in a suit to remove a cloud from his title in a situation where the cloud constituted an apparent lien, which in reality was inoperative against the purchaser. (See Pomeroy's Equity Jurisprudence, 5th ed., sec. 783.)

Respondents do not bring themselves within any of the exceptions to the general rule. In the absence of any contractual liability resting on appellant to pay the rent sued for, and in the absence of other circumstances justifying the granting to respondents the relief they ask against appellant we remain of the opinion that the lower court erred in rendering judgment in favor of the respondents. Of course, it does not follow from our holding in this case that if respondents were defrauded in the transaction through misrepresentation or failure to disclose the true state of the property sold they are without remedy. But the question as to the rights that respondents might have against their vendor is not before us.

Our former opinion will stand except for the closing paragraph, which is ordered stricken therefrom.

Foley, J., and Griffin (F. A.), P. J., concurred.

The former opinion, referred to above, is as follows:

McWILLIAMS, J.—This case involves a novel question pertaining to the extent of the liability of a tenant for rent. A summarized statement of the facts involved, omitting certain irrelevant details, will sufficiently explain the single issue presented.

The defendant and appellant had leased certain real property which it contemplated using as a service station. A supplemental agreement was entered into at or approximately the same time by the lessor and lessee. Under its provisions the lessor agreed that in the event that the traffic past the leased property was diverted so that it did not pass the property, the lessee, while such condition continued, would be required to pay but a lesser sum as rental than was provided for in the lease. Approximately a month after the lease was executed and before the lessee had taken possession the property was purchased by the plaintiffs and respondents who also took an assignment of the lease but not of the collateral agreement. Before they purchased the property respondents had had the title searched. Neither the lease nor the collateral agreement having been recorded at the time the title appeared to be clear. Respondents were shown the lease before they bought the property but were not shown and did not know of the existence of the supplemental agreement. The question is therefore presented whether respondents are entitled to the rent called for by the lease or whether they are bound by the terms of the supplemental agreement. In the latter event they have been fully paid. If they are not bound by it they are entitled to the additional sum of $680 for which they sued in the lower court and recovered judgment from which judgment appellant took this appeal.

The question involved does not appear to have been passed on in this state up to this time. The law has long been settled in this state that possession of land by one other than the vendor is notice, or at least evidence of notice, to an intending purchaser sufficient to put him on inquiry as to the right, title or interest of the occupant unless, under the peculiar circumstances of the case, there is no duty to make inquiry. The authorities also hold that such notice resulting from possession is the same in effect as the notice imputed by the recording acts. (66 C. J., pp. 1165, 1166.) Records are but constructive notice of a title of which they enable a party to obtain actual notice or knowledge by means of search or inquiry. (*Garber* v. *Gianella,* 98 Cal. 527, 529 [33 P. 458].)

It is also settled that if the circumstances as to possession are such as to put a purchaser on inquiry he is chargeable with knowledge of all that a reasonably diligent inquiry as to the rights and claims of the occupant might have disclosed. (25 Cal. Jur., pp. 834-836.) The same doctrine

must on principle be applicable when the prospective purchaser knows of an outstanding lease on the property although the lessee is not in possession of the property.

Respondents apparently concede the general rule as to the effect of possession and of knowledge of an outstanding lease but contend that they are not bound by the terms of the supplemental agreement since they were purchasers in good faith and for valuable consideration without knowledge or notice of the supplemental agreement. We do not so read the law. As has been said by one of our most scholarly text writers on the subject:

"By the weight of authority, the tenant's possession is notice not only of his rights under the lease, but also of any rights which he may have under a subsequent agreement not incorporated in the instrument of lease, such as a contract for the purchase of the land." (1 Tiffany on Landlord and Tenant, p. 866 n., citing cases.)

The writer adds that in *Red River Valley Land & Inv. Co.* v. *Smith*, 7 N. D. 236 [74 N. W. 194], the opinion approved a *dictum contra* in *Leach* v. *Ansbacher*, 55 Pa. 85. In the Leach case the court had stated, in accordance with respondents' contention in the instant case, that: "When the party is in possession under a lease, the knowledge of the lease dispenses with the inquiry of how the possession is held."

But as Mr. Tiffany points out, the Supreme Court of Pennsylvania in the later case of *Anderson* v. *Brinser*, 129 Pa. 376 [11 Atl. 809, 18 Atl. 520, 6 L. R. A. 205], disapproved of its *dictum* in the Leach case. In the Anderson case it appears that, as in the instant case, the purchaser had been shown a lease which, he contended, was explanatory of the possession, and which relieved him from further inquiry. But the Supreme Court of Pennsylvania refused to accede to this contention although it was supported by the *dictum* in the Leach case. The court stated that after careful consideration of its ruling in the Leach case it had reached the conclusion that the language last quoted above could not be allowed to stand although the ultimate holding in the case was correct. It further pointed out that the authorities cited in the earlier case did not declare the principle in support of which they were cited. Said the court:

"Knowledge of the existence of a lease will, of course, give constructive notice of all its provisions; but the possession,

apart from the lease, we think, should be treated as notice of the possessor's claim of title, whatever that claim may be, for the lease may be but the first of two or more successive rights acquired by the tenant. While in the occupancy under a lease for years, the tenant may have purchased under articles, and entitled himself to an equity; or, indeed, he may have purchased the legal estate in fee, and failed to record his deed. Would it be supposed that a knowledge of the precedent lease would dispense with the duty of inquiry, and entitle a subsequent grantee to the protection of an innocent purchaser? Or the lease may have been the instrument of a base fraud. It may have been executed under the false and fraudulent pretense, to an illiterate person, that it was in fact a conveyance or a contract of sale. Would possession afford no protection in such a case? We think it would. In such cases the possession is the possessor's only reliance, for he may be powerless to put his claim of title upon the record." (129 Pa. 404, 18 Atl. 521, 6 L. R. A. 205.)

The Pennsylvania court cited, among other authorities upholding its conclusion the English cases of *Daniels* v. *Davison*, 16 Ves. 249, and *Allen* v. *Anthony*, 1 Mer. 287. These cases were cited with approval by our Supreme Court in the case of *Pell* v. *McElroy*, 36 Cal. 268, 272. Also see on the same subject and to the same effect 66 C. J., p. 1176.

It is true that there are a few cases to the contrary such as the Texas case cited by respondents. But as was said in the well considered Nebraska case of *Dengler* v. *Fowler*, 94 Neb. 621 [143 N. W. 944], the minority doctrine is based on the "isolated" Texas case of *Hamilton* v. *Ingram*, 13 Tex. Civ. App. 604 [35 S. W. 748]. As the Nebraska court said [94 Neb. 621 (143 N. W. 946)]:

"The decisions generally, however, announce a contrary doctrine. The possession of a tenant is not only notice to the world of his rights as lessee, but is notice of all other interests of which inquiry would elicit knowledge. A purchaser of land, in possession of a lessee who was not asked about his interests in the demised premises, is bound by all of the equities enforceable by the lessee against the vendor."

Although in the instant case the lessee was not in possession of the property the lessor's knowledge of the lease had the same result as possession, since, as pointed out above, the two circumstances are equally effective in imposing on a prospective purchaser the duty to make inquiry.

Respondents cite and rely on the case of *Smith* v. *Yule*, 31 Cal. 180 [89 Am. Dec. 167] and the cases which have followed it.

The Yule case held in effect that the duty that ordinarily is incumbent on a propective purchaser to inquire as to the right or title of the person whom he finds in possession of real property that he contemplates purchasing does not apply in situations where the possession is consistent with the record title. But in the instant case respondents' possession was not consistent with the record title since it is undisputed that the record title was not in the lessee, the appellant herein.

Foley, J., and Griffin, P. J., concurred.