[No. 7,585.   Department Two. — June 28, 1884.]

JOHN DASCEY ET AL., APPELLANTS, v. N. R. HARRIS,          | 65   357|
                        RESPONDENT.                                        |ɵ142  646|

GROWING CROP — INSOLVENCY — HOMESTEAD — REPLEVIN. — An assignment by an insolvent of all his real and personal property generally, does not pass to the assignee a crop growing at the time of the assignment, on premises constituting a homestead, and such crop cannot be taken by the assignee after it is harvested.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Moore, Laine & Johnston*, for Appellants.

*Houghton & Reynolds*, and *J. S. Wallis*, for Respondent.

MYRICK, J. — Replevin.   The wheat which is the subject of this action was grown on the homestead of plaintiffs.   On the 15th of March, 1879, the plaintiff John Dascey filed his petition in insolvency, and such proceedings were had that on the 29th of April, 1879, he made an assignment of all his property, real and personal, to the defendant, assignee in insolvency.   No property was specifically described in the assignment, but words of general description only were used.   At the time of filing the petition, the premises constituting the homestead had been sown with wheat, which was then growing, and continued to be growing until after the assignment.   Some time in August, 1879, after the wheat so raised on the premises had ripened, and been harvested, threshed, and sacked by said John Dascey, the defendant as assignee, under an order of the county court, seized the grain on the premises, and caused it to be removed therefrom.   The wheat when so taken was of the value of twelve hundred and sixty-seven dollars.   It does not appear that evidence was given of any damage to plaintiffs besides the value of the wheat.

At the time of the assignment the wheat in controversy had not such an existence as that it passed to the assignee.   At that time the growing wheat was a part of the homestead, at least to the extent that a conveyance of the homestead would have passed the growing crop.

Judgment reversed and cause remanded, with instructions to render judgment on the findings in favor of plaintiffs for the possession of the property sued for; or in case a delivery cannot be had, for twelve hundred and sixty-seven dollars, with interest thereon from the date of the seizure by defendant, and for costs.

SHARPSTEIN, J., and THORNTON, J., concurred.