[No. 13314.   In Bank. — December 31, 1890.]

## GEORGE D. FISKE ET AL., RESPONDENTS, v. WILLIAM H. SOULE, APPELLANT.

COMMISSIONS OF REAL ESTATE AGENTS — REPUDIATION OF CONTRACT BY VENDOR. — Real estate agents may recover from their principal the commissions agreed upon for a sale secured by them, if the proposed contract of sale was not beyond their authority, though the vendor refuses absolutely to consummate the purchase or to negotiate with reference to it.

ID. — SALE WITHIN AUTHORITY — ALTERNATIVE CONTRACT — CROPS. — Where the contract by the proposed vendor with the real estate agents authorizes them to sell at a certain price per acre without crops, or at a certain larger price per acre with crops, a contract of sale for a gross sum which yields per acre more than the highest amount required is not beyond the authority conferred, though it does not specify whether the sale is with or without crops.

ID. — CONSTRUCTION OF CONTRACT — ORAL AGREEMENT — MISTAKE. — A written contract for the sale of land for a gross sum, which does not except the growing crops, binds the vendor to convey the land with the crops.

ID. — TENDER — DEMAND OF DEED — WAIVER OF OBJECTION. — The fact that an ordinary grant deed without reservation of the crops was presented by the purchaser for execution by the vendor when the purchase-money was tendered, and that both contract and deed were not in proper form to express the real agreement understood between all the parties, to the effect that the sale was not to include the crops, cannot be offered by the vendor as an excuse for totally repudiating the contract, or by way of defense to an action by the real estate agents to recover the amount of commissions agreed upon in case of a sale without crops, it appearing that the contract and deed were not objected to on that ground, or considered as including the crops.

ID. — BROKER'S COMMISSION — PROCURING PURCHASER. — It is immaterial whether the power conferred upon real estate agents is to sell or merely to secure a purchaser, so far as their right to recover the agreed commission is concerned, if they comply with their part of the contract in procuring a purchaser, to whom the vendor refuses to convey.

Id. — Pleading — Contract in Hæc Verba. — Where the contract with the real estate agents is set out *in hæc verba*, and made part of their complaint, it entitles them to recover whatever is authorized by its terms and by the facts proved, and it is immaterial that the complaint construes and treats it as a power to sell, conceding that it is not such, and that the agents are only entitled to recover as mere brokers.

Id. — Authority of Agent — Contract against Encumbrances — Warranty — Deed of Grant. — A contract by the real estate agent that the vendor shall convey the land free of all encumbrances does not require him to convey by general warranty against all encumbrances, and if the deed demanded by the purchaser is an ordinary grant deed, the form of which is not objected to by the vendor, and it does not appear that any encumbrances existed, it cannot be objected to the recovery of commissions that a contract to convey by general warranty was not within the power conferred.

Id. — Mutuality of Contract — Tender. — It is no defense to recovery of the agreed commission that the contract was not mutual, and that the purchaser might have forfeited the cash payment, if the whole purchase-money was tendered to the vendor and a deed demanded before the commission was demanded.

Id. — Terms of Payment. — A contract between a vendor and a real estate agent providing that the terms of payment are to be as buyer and seller may agree does not impose upon the agents the duty of selling for cash, even if it be construed as reserving to the vendor the right to agree upon the terms in person; and there can be no reasonable objection to the terms of payment as a defense to the recovery of commissions, if when cash was tendered by the purchaser no objection was made on account of the terms.

Id. — Payment of Purchase-money — Refusal to Accept Tender. — When the vendor has refused to accept the tender of the purchase-money, and repudiated the contract made by his real estate agents with the purchaser, he cannot defend against the payment of commissions on the ground that the purchase-money was not paid.

Id. — Want of Title in Vendor. — Where a vendor gives to real estate agents the property of his wife to sell as his property, and so describes it in the contract, and they procure a purchaser without knowledge that the title was not in the vendor, his want of title cannot affect their right to recover their commissions from him.

Appeal from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas & Hurst,* for Appellant.

The contract did not authorize plaintiffs to sell, but merely to find a purchaser. (*Treat v. De Celis,* 41 Cal.

202; *Duffy* v. *Hobson,* 40 Cal. 240; 6 Am. Rep. 617; *Ruten-berg* v. *Main,* 47 Cal. 213; *Ripon* v. *Magee,* 1 Am. Law Mag. 351; *Vanhorn* v. *Frick,* 6 Serg. & R. 90; *Vinton* v. *Baldwin,* 88 Ind. 104; 45 Am. Rep. 447; *Reyman* v. *Mosher,* 71 Ind. 596.) The instrument in writing here presented by plaintiffs is a mere broker's contract, and does not authorize them to sell, or to receive the pur-chase-money, or to bind the defendant to convey, or to convey by deed themselves; for where an agent has the power to sell real estate, the authority to execute the proper instruments required by law to carry such sale into effect is necessarily incident. (*Blum* v. *Robertson,* 24 Cal. 127; *Valentine* v. *Piper,* 22 Pick. 85; 33 Am. Dec. 715, 719; *People* v. *Boring,* 8 Cal. 406, 408; *Fogarty* v. *Sawyer,* 17 Cal. 589, 591; Bishop on Contracts, 1st ed., sec. 347.) The plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other developed by the proofs. (*Maynard* v. *Ins. Co.,* 34 Cal. 48; 91 Am. Dec. 672; *Mondran* v. *Goux,* 51 Cal. 151; *Burke* v. *Levy,* 68 Cal. 32; *Dougherty* v. *Matthews,* 35 Mo. 520; 88 Am. Dec. 126; *Turner* v. *Walker,* 3 Gill & J. 377; 22 Am. Dec. 329.) A broker can only recover commissions when he has brought a purchaser to the vendor who is willing to deal with him upon the terms proposed in a manner satisfactory to the vendor, and by showing that he was the efficient agent and procuring cause of the sale. (*Mc-Gavock* v. *Woodlief,* 20 How. 221; *Wylie* v. *Marine National Bank,* 61 N. Y. 415; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 382; 38 Am. Rep. 441; *Dolan* v. *Scanlan,* 57 Cal. 261; *Mas-ten* v. *Griffing,* 33 Cal. 111; *Heyn* v. *Philips,* 37 Cal. 529; *Phelan* v. *Gardner,* 43 Cal. 306; *Gonzales* v. *Broad,* 57 Cal. 224; *Tombs* v. *Alexander,* 101 Mass. 255; 3 Am. Rep. 349.) It must further appear that the broker performed the duty assumed by him within the time limited in his contract, or within such extension of time as may have been granted by his employer, unless the delay was caused by the negligence, fault, or fraud of the owner. (*Fultz* v.

*Wimer,* 34 Kan. 576; *Wilson* v. *Sturgis,* 71 Cal. 226; *Zeimer* v. *Antisell,* 75 Cal. 509.) A real estate broker is not entitled to commissions for making a sale of real estate for his principal, unless he strictly performs the services required of him according to the authority conferred upon him. (*Wilson* v. *Sturgis,* 71 Cal. 229; *Masten* v. *Griffing,* 33 Cal. 111; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; 38 Am. Rep. 441.) The plaintiffs must fail, because the purchaser was not bound by the contract to make any purchase. (*Minturn* v. *Baylis,* 33 Cal. 129; *Joseph* v. *Holt,* 37 Cal. 250; *Huff* v. *Shepard,* 58 Mo. 242.) There is no right to commission until the purchase-money has passed and the sale is effected. (*Power* v. *Kane,* 5 Wis. 265; *Stewart* v. *Fowler,* 37 Kan. 677; *Richard* v. *Jackson,* 31 Md. 250; 1 Am. Rep. 49; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; 38 Am. Rep. 441; *Zeimer* v. *Antisell,* 75 Cal. 509.) There is a complete failure of proof of the cause of action set out in the complaint, and not a variance within the meaning of sections 469 and 470 of the Code of Civil Procedure. (Code Civ. Proc., sec. 471; *Maynard* v. *Ins. Co.,* 34 Cal. 48; 91 Am. Dec. 672; *Mondran* v. *Goux,* 51 Cal. 151; *Burke* v. *Levy,* 68 Cal. 32; *Masten* v. *Griffing,* 33 Cal. 111; *Hawkins* v. *Roberts,* 45 Cal. 38; *Christian Col.* v. *Hendley,* 49 Cal. 347; *Hinkle* v. *R. R. Co.,* 55 Cal. 627; *Whitney* v. *Purrington,* 59 Cal. 36.)

*Baker & Grant,* for Respondents.

The authority given to "article" with the purchaser authorized the contract of sale. (Webster's Dict., tit. "article"; Rapalje and Lawrence's Law Dict., 80, 81.) Where the language used indicates more than a mere broker's authority, the court must so find. (*Rutenberg* v. *Main,* 47 Cal. 219; Civ. Code, secs. 1636, 1641, 1649, 1650, 1654, 1655.) By failure to object to the form of the contract or deed at the time of tender, objection thereto was waived, and cannot be urged for the first time as a defense to commissions. (Code Civ. Proc., sec. 2076; Civ.

Code, sec. 1503; *Blood* v. *Shannon*, 29 Cal. 394, 395.)
The vendor cannot escape liability for commissions by
refusing to receive the purchase-money and execute the
conveyance. (*Heyn* v. *Philips*, 37 Cal. 529; *Phelan* v.
*Gardner*, 43 Cal. 310, 311; *Gonzales* v. *Broad*, 57 Cal. 224;
*Middleton* v. *Findla*, 25 Cal. 81.)

WORKS, J. — Plaintiffs are real estate and insurance
agents. They claim that the defendant employed them
to sell for him certain real estate on certain terms and
conditions, which they fulfilled, but that notwithstand-
ing defendant's agreement to pay their commissions for
making the sale which he authorized, he has refused to
pay them; and to recover what is due them, they have
brought this suit. They recovered a judgment for the
sum of $2,103.50, with interest thereon from the fifth
day of May, 1887, and costs, from which, and an order
refusing a new trial, this appeal is taken by the defend-
ant.

The contract or agreement under which the plaintiffs
undertook to sell the land for the defendant is as fol-
lows:—

"This writing, made this fifteenth day of April, A. D.
1887, witnesseth: That I, W. H. Soule, of the county of
Yolo, in the state of California, have this day placed with
George D. Fiske & Co. for sale the following property,
of which I am the owner in fee, situate in section ——,
township ——, range —— (see plat), county of Yolo,
and state of California, to wit: Consisting of about six
hundred acres of land, being the southerly half of the
tract known as the John M. Rhodes ranch, in Capay
Valley. Price, $45 per acre (net) without crops, or
$47.50 per acre (net) with the crop. Terms of payment
as buyer and seller may agree. The said property to
remain in the hands of George D. Fiske & Co. for sale
or exchange for thirty days from the date hereof, and I
hereby agree that if, at the expiration of that time, five

days' notice by me in writing of the withdrawal has not been given them, this agreement shall continue in full force until I give such notice, — hereby authorizing George D. Fiske & Co. to sell the aforesaid property, and article with purchaser for the same, as my agents, according to price and terms of payment above written, or any price or terms of payment which I may agree to take other than the above, and agreeing with them that if the same be sold or exchanged during the time it is in their hands, no matter by whom, I will pay them a commission of all I receive over and above the price above mentioned on amount of said sale or exchange. And I further authorize George D. Fiske & Co. to advertise the said property to the amount of $——. It is further understood by me, before signing this agreement, that George D. Fiske & Co. will pay out of their commission all expenses of advertising done by them.

           " W. H. SOULE.    [Seal.]"

Indorsed: "We hereby accept and agree to the terms of the within instrument this fifteenth day of April, A. D. 1887.          GEORGE D. FISKE & Co."

The contract of sale which plaintiffs made with the purchaser is as follows: —

" $500. Received of John D. Stephens the sum of five hundred dollars ($500), the same being a part of the purchase-money for the following described piece or parcel of land situate, lying, and being in Capay Valley, Yolo County, California, formerly known as part of the John M. Rhodes tract, being the same land bought by me from John M. Rhodes. Said land being bounded on the north and east by H. Hammel and Cache Creek, on the south by Winters and Palmer, and on the west by the west line of the Rancho Cañada de Capay; containing five hundred acres of land. The remaining portion of the purchase-money, to wit, the sum of twenty-eight thousand six hundred dollars, to be paid on or before

the twelfth day of May, 1887, by John D. Stephens or his assigns. In consideration of which the said land is to be conveyed free of all encumbrances to the said John D. Stephens or his assigns.

"Dated Woodland, California, April 23, 1887.

"W. H. SOULE,

"By GEO. D. FISKE & Co., his Agents."

The defendant refused to convey the property, after a tender of the money specified in this agreement, and also refused to pay the plaintiffs their commissions.

It is contended by the appellant that the plaintiffs were not entitled to recover, because the contract of sale was for $45 per acre *with* the crops, when the limit of their authority to sell was for that price *without* the crops, and $47.50 per acre with the crops. But the sale was made for a sum in gross which amounted to more than $47.50 per acre. There were 601 acres of land, and it was sold for $29,100, which amounted to $48.41 per acre. So that, conceding that the contract of sale included the crops growing on the land, the sale was for more than the highest amount the plaintiffs were required to sell for, and the sale was not beyond their authority. The sale agreed upon was for $48.50 per acre, supposing that there were 600 acres of the land, but it turned out that there were 601 acres. And when a tender was made to the defendant it was for $48.50 more than the written agreement called for, so as to cover the agreed price for the additional one acre.

The court below found, however, that the sale was for forty-five dollars per acre without the crops, and there was evidence to support this finding, so far as the verbal agreement between the plaintiffs and the purchaser was concerned, but not as to the written contract between them. The contract bound the defendant to convey the land without any reservation of the crops. This written contract was binding on the defendant, if the plaintiffs had the power to make it, unless corrected on the

ground that by mistake it was not in accordance with the agreement actually made. Under its finding that the land was sold for $45 per acre without the crops, the court allowed the plaintiffs, as commissions, the difference between that sum and the sum of $29,148.50. The plaintiffs were bound by their agreement to account to the defendant for $47.50 per acre, if the crops went with the land, and were only entitled to the balance of the purchase price over and above that sum as their commissions, unless the defendant waived the form in which the agreement to sell and the deed tendered to him were made. We have seen that by the terms of the written agreement the crops must go with the land. Tl erefore the amount found in favor of the plaintiffs was excessive to the amount of $2.50 per acre upon the 601 acres of the land, if this written agreement was to be looked to alone. It may be that if the actual agreement was as claimed by the plaintiffs, and a tender and a demand for a deed containing a reservation of the growing crops had been made, the plaintiffs could recover the full amount claimed in any event; but this does not appear to have been done. But there is another ground upon which we think the plaintiffs were entitled to recover the whole amount of their commissions. The sale was reported to the defendant as a sale at forty-five dollars per acre without the crops. He asked the plaintiffs to sell the crops to the parties for $2.50 per acre if possible. The plaintiffs consented, and attempted to do so, but the purchasers stated that they did not want the crops, and refused to buy them. The form of deed presented to the defendant, when a conveyance was demanded of him, was an ordinary grant deed without any reservation of the crops. But the defendant did not refuse to consummate the trade on the ground that the deed was not in proper form, or on the ground that the sale was not in accordance with the written authority given by him. The evidence shows clearly

that it was the understanding of all the parties, the purchaser included, that the crops were not to pass.　If any such objection had been made, there can be no doubt that a deed containing the necessary reservation would have been accepted.　It seems not to have been observed by any of the parties at the time that the contract of sale or the deed proffered were not in the form necessary to carry out the agreement of the parties.　The defendant refused absolutely to consummate the sale or to negotiate with reference to it.　It is perfectly apparent that the fact that the contract and deed were not in proper form had nothing whatever to do with his refusal to exe-. cute the deed.　This being the case, he should not be allowed to offer that as an excuse for not complying with his contract by way of defense to this action.

It is contended by the appellant that the contract given by the defendant to the plaintiffs did not authorize the plaintiffs to sell the land or to bind the defendant by their agreement to sell it, but only to secure a purchaser. This might be material if the action were by the purchaser to enforce a specific performance of the agreement to convey, but it is wholly immaterial in this case whether the power of the plaintiffs was to sell, or merely to procure a purchaser.　They complied with their part of the contract.　If the defendant did not see proper to convey to the purchaser they had procured, this was no reason why he should not pay their commissions.　It is immaterial that the plaintiffs in their complaint construed and treated this as a power to sell, even conceding that it was not.　The contract was set out and made a part of the complaint, and entitled them to whatever was authorized by its terms and the facts proved.　The allegations were sufficient to entitle them to recover as mere brokers.　(*Dolan* v. *Scanlan*, 57 Cal. 261.)

It is claimed by the appellant that the authority given by the contract was revoked before the sale was made.

But the court found to the contrary, and there was evidence to support the finding.

It is further contended that the contract of sale was not within the power of the plaintiffs, because it required the defendant to convey by general warranty against all encumbrances. But the evidence shows that when the tender was made no such deed was demanded, nor do we think the contract required any such deed. The deed demanded was, as we have said, an ordinary grant deed, and its form was not objected to, nor was there any claim that the property was encumbered or that there was any reason why the plaintiff could not or should not execute such a deed.

It is also insisted that the contract was unfair, and not mutual, because the purchaser was not bound, in any way, to pay the purchase-money, except by a forfeiture of the five hundred dollars cash payment. But this, if so, is immaterial. The whole purchase-money was tendered to the defendant when a deed was demanded of him, and before this commission was demanded.

It is further claimed that the sale was not made within the time limited by the contract. This is based upon the assumption that payment of the purchase-money was necessary to constitute a sale, which is not necessarily so. The purchaser could not be expected to pay the purchase-money before receiving a conveyance. Counsel say that the contract required a sale for cash. This we think is not so. By the terms of the contract the terms of payment were to be " as buyer and seller may agree." If this is to be construed as reserving to the defendant the right to agree in person upon the terms of payment, it is still clear that it did not impose upon the plaintiffs the duty of selling for cash. Besides, there could be no reasonable objection to the terms of payment when cash was tendered, and no such objection was made to the consummation of the sale.

Again, it is contended that the plaintiffs were not

entitled to recover until the purchase-money was paid. It may be conceded that this would be so if the purchaser had failed to pay the purchase-money, but the defendant could hardly defend on this ground when the purchase-money was not paid, solely because he refused to accept it.

It appears, from the evidence, that the title to the property was not in the defendant, but in his wife. This was not material. He gave it to the plaintiffs to sell *as his property*, so stated in his contract, and the evidence is to the effect and the court found that the plaintiffs had no knowledge, until after they had made the sale, that the title was not in him. Under such circumstances his want of title could not affect the plaintiff's right to recover their commissions.

The court found on all the material issues; all of the findings necessary to a recovery are sustained by the evidence, and they support the judgment.

Judgment and order affirmed.

Sharpstein, J., McFarland, J., Paterson, J., and Thornton, J., concurred.