[Sac. No. 1172.   Department One.—March 29, 1904.]

## PENRYN FRUIT COMPANY, Appellant, v. SHERMAN-WORRELL FRUIT COMPANY et al., Defendants, FARMERS' AND MECHANICS' BANK, Respondent.

TRUST-DEED—SALE—RELATION OF TITLE—UNSEVERED FRUIT CROP—CHATTEL MORTGAGE.—The title of a purchaser at a sale under a deed of trust relates back to the date of the deed of trust, and the conveyance to him thereunder passes title to an unsevered fruit crop upon trees growing on the land, which is part of the realty; and where the purchaser takes possession, he is entitled to gather the fruit crop, as against a chattel mortgage executed subsequent to the deed of trust and prior to the sale.

ID.—SEVERANCE OF GROWING CROP—DELIVERY—EFFECT OF CHATTEL MORTGAGE—NOTICE OF TRUST DEED.—The chattel mortgage, whatever effect it may have as between the parties thereto, cannot operate as against the purchaser under the trust-deed as a severance of the growing crop from the land, or as a delivery of the crop. The mortgagee took with knowledge of the deed of trust, and that the purchaser under it, when the claim of the creditor should be enforced, would take an absolute title to the land, as of the date of the trust-deed.

APPEAL from a judgment of the Superior Court of Sacramento County.   J. W. Hughes, Judge.

The facts are stated in the opinion.

F. P. Tuttle, and Charles Tuttle, for Appellant.

Devlin & Devlin, for Respondent.

CHIPMAN, C.—The Sherman-Worrell Fruit Company (hereafter called the Sherman Company) did not appear in

the action.    Defendant Farmers' and Mechanics' Savings Bank (hereafter called the bank) demurred to the complaint; the demurrer was sustained, and plaintiff declining to amend, defendant the bank had judgment dismissing the action from which this appeal is taken.

It appears from the complaint that on December 8, 1897, R. B. and Dan T. Sherman, predecessors in interest of the Sherman Company, were owners of certain land planted to fruit-trees in Placer County; on that day they executed to the bank their promissory note for forty-five hundred dollars, and to secure payment of same, executed also on that day their trust-deed conveying the property to certain trustees named in the deed, with power to sell and execute a deed to the purchaser; under this power the trustees sold the property, and on June 15, 1901, a deed of said property was executed and delivered to the bank as purchaser; the bank went into immediate possession of the land and the fruit-crop growing thereon.    It further appears that the Sherman Company executed to plaintiff a chattel mortgage on the fruit-crop growing on a portion of the land, to secure a loan of three hundred dollars, made to the Sherman Company by plaintiff, and also future advances, which plaintiff alleges was in fact executed and delivered March 11, 1901, but which, by mutual mistake, read March 11, 1900, and it is sought among other things to correct this mistake, but it is not alleged that the bank had any knowledge of this mistake; that the sum of one hundred and twenty-five dollars was advanced to the Sherman Company by plaintiff under the terms of the chattel mortgage prior to said trustees' sale; that the Sherman Company continued in possession of the land until the bank took possession under its trustees' deed; that the Sherman Company has failed to pay said sums, or any part thereof, and refuses to deliver said fruit to plaintiff, and is insolvent; that the bank is in possession of said fruit-crop, and refuses to permit the Sherman Company or plaintiff to harvest the same, and claims possession and title thereto as against plaintiff; that plaintiff would have derived a profit of one thousand dollars from said fruit if it had been permitted to harvest it; that by the acts of the bank plaintiff has been further damaged in the sum of four hundred and twenty-five dollars, with interest from March 11, 1901, at nine per

cent. The prayer is that the alleged mistake in the chattel mortgage be corrected and that plaintiff have judgment against the bank for $1,525 and costs of suit.

Defendant the bank interposed a general demurrer to the complaint; also, that two causes of action are improperly united,—namely, a cause of action to reform a written instrument, and an action for damages for conversion of personal property; also, that the facts stated are not sufficient to justify a court of equity to reform a written instrument by reason of the mistake averred.

Waiving the points of objection to the sufficiency of the complaint in certain other particulars set forth in respondent's brief, the principal question argued by appellant may be thus stated: After sale by trustees under deed of trust and delivery of deed to the purchaser, who has gone into possession of the land, may a mortgagee of the growing crop, whose mortgage was issued subsequently to the deed of trust, enter upon the premises against the will of the purchaser and harvest and remove the crop?

The deed of trust is not wholly set forth, but we understand that it was the ordinary form of the trust-deed commonly used in this state. Under such deeds of trust there is no redemption after sale pursuant to its provisions. A deed at once passes to the purchaser, as was the fact here, and he becomes entitled to immediate possession, which in this case was at once taken. The crop in question was then growing on the trees, and was part of the realty, and the purchaser's title by relation took the date of the trust-deed. The purchaser was at least in as good a position as, and had rights equal to those of, a purchaser at foreclosure sale holding a deed and having possession after the period of redemption had expired. Treating the sale here as a foreclosure where there is no right of redemption, and in view of the entry into possession under the sale by the purchaser, it is quite clear that neither the mortgagor—the grantor in the trust-deed— nor his grantees under a crop mortgage executed subsequently to the trust-deed would have the right to crops not severed at the time of the purchaser's deed and entry. In *Simpson* v. *Ferguson*, 112 Cal. 180,[1] the court quoted approvingly from Jones on Mortgages (sec. 670) as follows: "It is only after

[1] 53 Am. St. Rep. 201.

sale under the decree, except where the statute provides otherwise, that the mortgagor is wholly divested of title, and, consequently, of right of possession.''

Appellant concedes that if there has been no severance of the growing crop at the time of the foreclosure of the mortgage or the enforcement of a deed of trust, the purchaser at the sale would take the growing crop, yet, it is claimed, ''as the mortgagor or trustor is entitled to the right to the crop, the chattel grown intermediate the giving of the mortgage or trust-deed, he may sell or hypothecate his interest in the same, and such sale or hypothecation would prevail over the prior mortgage or trust-deed.'' It is contended that ''such sale or hypothecation operates in law as a severance of the crop from the land, and also operates as a delivering of the crop.''

We find no warrant for such statement of the law in *Simpson* v. *Ferguson,* 112 Cal. 180,[1] or any other of the cases cited in appellant's brief. As we read the opinions in *Huerstal* v. *Muir,* 64 Cal. 450; *Dascey* v. *Harris,* 65 Cal. 357, cited by appellant, the growing crops unsevered are part of the realty, and while such crops are for some purposes treated as personal property, they remain part of the realty so long as unsevered. As between the mortgagor and mortgagee of a chattel mortgage, all that appellant claims may be true, but the giving of such chattel mortgage has not the effect claimed when the rights of a purchaser under foreclosure sale are brought in question. Plaintiff took its mortgage with knowledge of the deed of trust, and that under it the bank had the right to enforce its claim by sale of the premises, and that a purchaser at such sale would take an absolute title to the land as of the date of the trust-deed—a date prior to plaintiff's chattel mortgage, and that such deed would be free from any encumbrance subsequently placed upon the land.

In our opinion the demurrer was rightly sustained; and it is advised that the judgment be affirmed.

Cooper, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.

[1] 53 Am. St. Rep. 201.