[Civ. No. 7097. First Appellate District, Division Two.—November 7, 1929.]

H. S. DOWNS, Appellant, v. NATIONAL BANK OF BAKERSFIELD (a Corporation) et al., Respondents.

F. E. Borton and James Petrini for Appellant.

Emmons & Aldrich for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a judgment. The defendant answered and a trial was had before the court sitting without a jury. The trial court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed and has brought up a typewritten record.

Heretofore, L. D. Hill and F. E. Hill, copartners, owned a tract of land in Kern County known as the Hill Ranch. Later J. T. Hill and J. L. Hill joined L. D. Hill and F. E. Hill forming a larger partnership for the purpose of managing and operating the ranch. During the season of 1923 and 1924 the Hills planted the land to wheat and barley. January 18, 1924, the Hills mortgaged their crops to the defendant and the mortgage was recorded on that date. On February 19, 1924, the owners of the ranch entered into an executory contract, by the terms of which they agreed to exchange their lands in Kern County for lands in the state of Kansas owned by William Wonn. That executory contract was not recorded. On April 15, 1924, the deed by which the Hills conveyed their lands to Wonn was recorded in Kern County. On June 9, 1924, one of the partners, L. D. Hill, signed and delivered a bill of sale purporting to convey the pasturage on the lands in Kern County. That document was delivered nearly two months after the Hills had parted with their title to the lands. On or about June 23d it had transpired that the year was dry. The crops in

spots had not matured. Some of the crop was so short that it could not be mowed for hay nor headed for grain. The Hills left the ranch and the defendant as mortgagee entered into the peaceable possession for the purpose of protecting itself by harvesting and marketing the crop. As to the portion of the crop that could neither be mowed nor headed, the defendant sold the pasturage rights and its vendees proceeded to pasture sheep on said spots. In the present action the plaintiff contends that the Hills retained rights to the pasturage by reason of certain covenants contained in the executory agreement theretofore executed by themselves and William Wonn. ██ The defendant contends that said instrument merged in the deed from the Hills to William Wonn. It was so held in *Bryan* v. *Swain,* 56 Cal. 616; *Fraser* v. *Bentel,* 161 Cal. 390, 392 [Ann. Cas. 1913B, 1062, 119 Pac. 509]. ██ As between the vendor and the vendee, a transfer of the growing crop was a part of the realty. (*Wilson* v. *White,* 161 Cal. 453 [119 Pac. 895].) When the vendors sold the realty they sold all interest in the crop standing thereon. As to what this defendant thereafter did the vendee might complain, but the vendor could not. Assuming, but not deciding, that the plaintiff under his bill of sale is the assignee of the vendor, he has no greater rights than his assignor. We have thus disposed of the question which the appellant states is the simple issue involved in the case.

██ The plaintiff alleged that Hill brothers transferred the pasture privilege to plaintiff. The defendant denied the allegation. The plaintiff complains that the trial court did not make a finding directly responsive to the issue. The finding as made directly followed the issues as modified by the evidence. Moreover, if it had been directly responsive to the issue as made, it must necessarily have been against the plaintiff. As stated above, the pasturage was an interest in the realty. That interest could have been conveyed by a grant joined in by all the holders of the legal title. (20 Cal. Jur. 725.) But there is no evidence whatever that such a grant was executed. As we understand the brief of the ' plaintiff, we have answered every point contained therein.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.