[Civ. No. 5647. Second Appellate District, Division Two.—November 20, 1929.]

MARCUS M. MARSHALL, Respondent, v. LENA K. SWAIM, Appellant.

Davis & Thorne for Appellant.

O'Melveny, Millikin & Tuller, Paul Fussell and Albert Parker for Respondent.

THOMPSON (IRA F.), J.—The defendant was the wife of Dr. Clement Swaim, who owned a residence in Mexico City which he had been endeavoring to sell for two or three years prior to July 9, 1925. On the date mentioned the nego-

tiations had reached the point where he and his wife, the defendant, signed a special power of attorney authorizing one Charles F. Pettijohn to sign and carry into effect a contract for the exchange of the dwelling for an orange grove in California. The exchange was actually consummated in Mexico on August 7, 1925. The Mexico City property was leased and on August 12th the tenant purchased a draft in the sum of $1500, to cover the rental due for the six months' period commencing on August 15, 1925, and forwarded it to the residence of Dr. Swaim. It arrived at its destination on August 17, 1925, and the defendant indorsed the draft and used the proceeds for various purposes. The agreement for exchange of properties contains the following paragraph: "Third: Both deponents declare that the price of residence number 47 of Marsella Street is that of thirty thousand dollars and that the lands and shares together also are valued at thirty thousand dollars and consequently through the permutation (exchange) of the lands and shares for the house, the respective owners are fully compensated, and there being no claim for any reason whatsoever, they mutually acknowledge payment observing (the fact) that the rent for said residence covering rental of Mr. Conway until today belongs to Mr. Swaim and that commencing tomorrow to Mr. Marshall *with right of reimbursement* should they have been paid otherwise." The plaintiff commenced this action, the one count being for money had and received and the other being based upon an assignment from Dr. Clement Swaim to the plaintiff of his claim against the defendant. The trial court rendered its judgment in favor of the plaintiff in the sum of $1500 and this appeal is from that judgment.

It is the appellant's contention that by the terms of the agreement, the material portion of which we have already quoted, the respondent's right of action was one for reimbursement from Dr. Clement Swaim, he being the owner in fact of the residence as his separate property. Let us observe, however, at the outset, that the language of the agreement is such as to refer to the reimbursement to Marshall of rentals which might have been paid to him prior to the execution of the agreement, a very logical and wise precaution under the circumstances of its execution by an attorney in fact separated by a considerable distance from his principal.

The words employed are "with right of reimbursement should they have been paid otherwise." Or to put the promise in other words, it reads: "Swaim covenants that he will return to Marshall any rentals which have heretofore been paid and covering any period after the execution of the agreement." The promise did not relate to rentals which might thereafter be paid. Future unpaid rentals were comprehended by the clause "the rent for said residence covering rental of Mr. Conway until today belongs to Mr. Swaim and that commencing tomorrow to Mr. Marshall."

■ It becomes apparent, therefore, that by contract the parties had agreed upon the title to the rentals. In *Jackson* v. *Creek*, 47 Ind. App. 541 [94 N. E. 416, 418], it is said that "the rents belong to the person who holds the title, in the absence of a contract providing otherwise." To the same effect is *Garber* v. *Gianella*, 98 Cal. 527 [33 Pac. 458], and *Diepenbrock* v. *Luiz*, 159 Cal. 716 [Ann. Cas. 1912C, 1084, L. R. A. 1915C, 234, 115 Pac. 743], the latter of the two cited cases going to the extent of holding that the grantee is entitled to collect an installment of rent earned at the time of the transfer but not payable until thereafter.

It is obvious, therefore, that Dr. Swaim had no title to the rentals or any right to receive them. Had he received the draft and cashed it there can be no doubt but that an action for money had and received would have been maintainable against him. (*London etc. Fire Ins. Co.* v. *Liebes*, 105 Cal. 203 [38 Pac. 691]; *Fontaine* v. *Lacassie*, 36 Cal. App. 175 [171 Pac. 812].) It is no objection to the maintenance of the action that the parties by the agreement provided that the rentals to become due thereafter should belong to the grantee. As we have observed, the law would have supplied the provision had it been omitted. The contract was therefore not special and there is no reason why the plaintiff could not avail himself of the action of money had and received (*Jackson* v. *Creek, supra*).

■ However, the right to this form of action is not dependent upon an express contract. It arises " 'whenever one man has in his hands the money of another which he ought to pay over, he is liable to the action of money had and received, although he has never seen or heard of the party who has the right. When the fact is proved that he

has the money, if he cannot show that he has a legal or equitable ground for retaining it, the law creates the privity and the promise.' " (*Chung Kee* v. *Davidson*, 102 Cal. 188, 196 [36 Pac. 519, 521].) Entirely aside then from the contractual relation, the action was the proper one to pursue as against the appellant. Nor does it become the less effective by reason of the fact that she is the wife of Dr. Swaim, against whom, as we have seen, a similar action might have been brought had he received and used the proceeds of the draft. It is of no moment that Dr. Swaim had on previous occasions authorized the appellant to indorse and cash similar drafts. In this instance he not only had no right to give such authority, but also it is not suggested that he did in fact issue such instructions.

It becomes unimportant then for us to probe the question of whether the court failed to find upon affirmative allegations by the defendant to the effect that she had a right of set-off against her husband, Dr. Swaim. The right of action resting in the plaintiff to recover his money could not in this instance be affected by the right of the appellant to recover against Dr. Swaim, if she had such right.

Judgment affirmed.

Craig, Acting P. J., and Burnell, J., *pro tem.,* concurred.