[Civ. No. 2555. Fourth Appellate District.—January 21, 1941.]

CHARLES W. LIST, Respondent, v. V. I. SANDELL, Defendant; THE PEOPLE, Intervener and Appellant.

Earl Warren, Attorney-General, H. H. Linney, Adrian A. Kragen and Valentine Brookes, Deputies Attorney-General, and Roger R. Walch, District Attorney, for Appellant.

John W. Carrigan for Respondent.

KLETTE, J., *pro tem.*—This is an appeal taken by intervener, The People of the State of California, from a judgment of the Superior Court of Kings County, in favor of

plaintiff Charles W. List and against defendant V. I. Sandell, and intervener.

The action was brought by plaintiff, Charles W. List, against defendant, V. I. Sandell, to have the court determine that plaintiff was the owner, and entitled to a one-sixth interest in a certain crop of grain, or a one-sixth interest in the reasonable value thereof. Defendant appeared by answer, disclaiming any title or claim thereto, and admitted he was willing to deliver, or pay, to such person as the court might direct. The People of the State of California, after leave obtained, filed a complaint in intervention, alleging that they were entitled to the property, or money, in question.

It was stipulated between all the parties, that the one-sixth of the proceeds of the crop then sold, should be deposited with the clerk of the court, and that one-sixth of the remainder of the crop should be sold by defendant, at the best price obtainable, and the money deposited with the clerk. This was done, and the total money now in the hands of the clerk is $974.73, which is the subject of this action.

A trial was had upon stipulated facts which show: That plaintiff is, and was at all times since 1929, the owner of certain real property described in the complaint, excepting during that time that the title thereof was held by the State of California; that on June 26, 1937, the property was deeded to the State of California, by the tax collector of Kings County, by reason of nonpayment of taxes, theretofore duly levied thereon; that on September 29, 1938, the State Controller executed a written lease upon said real property, for the crop year of 1938–1939, to the defendant, for a cash rental of $82, and one-sixth of the grain to be grown thereon; that on May 25, 1939, there was growing, and immature, on said real property, a crop of grain, planted by defendant; that on May 25, 1939, plaintiff redeemed said property, by paying the full amount of all taxes due thereon, and in accordance with law, there was executed and delivered to plaintiff, a certificate of redemption of said real property, by the county treasurer; that at all times subsequent to May 25, 1939, plaintiff was, and is now, the legal owner of said real property, and in possession thereof; that the crop of grain growing on said real property was harvested by defendant between June 15, and July 15, 1939.

The stipulation further specifies the amount of the crop raised by defendant, and that defendant is ignorant of the respective rights of the parties, and makes no claim to the rental share of said grain, and is willing to pay and deliver such rental share to any person the court shall direct; that upon the delivery of the money for the one-sixth of the crop, by defendant, to the clerk of the court, the defendant shall be released from all further liability in the matter; that the money so deposited with the clerk, shall be held by him, pending the final determination of this action.

Under these stipulated facts, the trial court found in favor of plaintiff, and rendered its judgment that the plaintiff was the owner of said sum of $974.73, and directed that the clerk pay said sum to plaintiff.

■ The general rule is that growing crops are a part of the realty (*Huerstal* v. *Muir*, 64 Cal. 450 [2 Pac. 33]; *Dascey* v. *Harris*, 65 Cal. 357 [4 Pac. 204]), and remain a part of the realty as long as unsevered (*Penryn Fruit Co.* v. *Sherman-Worrell Fruit Co.*, 142 Cal. 643 [76 Pac. 484, 100 Am. St. Rep. 159]), or not agreed to be severed (sec. 658, 660, Civ. Code), and pass to the grantee under deed (*Phillips* v. *Pacific Land & Cattle Co.*, 116 Cal. App. 290 [2 Pac. (2d) 566]; *Penryn Fruit Co.* v. *Sherman-Worrell Fruit Co.*, *supra*; *Wilson* v. *White*, 161 Cal. 453 [119 Pac. 895]; *Fiske* v. *Soule*, 87 Cal. 313 [25 Pac. 430]; *Downs* v. *National Bank*, 101 Cal. App. 712 [282 Pac. 420]), unless reserved in writing. (*Wilson* v. *White*, *supra*; *Fiske* v. *Soule*, *supra*; *Sweet* v. *Watson's Nursery*, 33 Cal. App. (2d) 699 [92 Pac. (2d) 812].) ■ Accruing rents, falling due after deed delivered, belong to the vendee, where deed includes the words, "together with the rents, issues and profits thereof" (*Garber* v. *Gianella*, 98 Cal. 527 [33 Pac. 458]; *Diepenbrock* v. *Luiz*, 159 Cal. 716 [115 Pac. 743, Ann. Cas. 1912C, 1084, L. R. A. 1915C, 234]; *Marshall* v. *Swaim*, 102 Cal. App. 119 [282 Pac. 423]), and even in the absence of such provisions (*Fahrenbaker* v. *E. Clemens Horst Co.*, 209 Cal. 7 [284 Pac. 905]), and there can be no apportionment of such rents. (*Fahrenbaker* v. *E. Clemens Horst, Co.*, *supra*.) ■ From the authorities cited above, it appears that plaintiff, upon redeeming his property, became entitled to all the crops growing upon the premises, subject to such rights as the defendant, as tenant, might have therein, unless there is something in the peculiar facts of this case, or

in the law, which takes this case out of the general rule. We are not able to find any such exception.

Section 3773 of the Political Code, gives to the State Controller, the right and power to lease lands sold to the state for nonpayment of taxes. In case of redemption during the term of the lease, it authorizes the controller to refund to the lessee, the unearned portion of any rental paid in advance. It is silent as to the collection of any crop rentals from crops then growing, and unharvested, on the redeemed premises. This section also provides that such lease shall contain a clause, providing, that upon redemption, the controller is authorized to cancel the lease, as of the date of redemption, and that the lessee shall be entitled to no damage, or reimbursement. This lease did not contain any provision for such cancellation upon redemption, but provided, instead, that the rental would be paid in full, and any claim made by the redemptioner would be adjusted by the controller.

Section 3817 of the Political Code provides that, upon redemption being made, the auditor shall report to the recorder, who shall note on the margin of the record of the certificate of sale, or deed, the fact of such redemption, and thereupon, such "certificate of sale, or deed, shall become null and void, and all right, title and interest acquired by virtue of the tax sale shall cease and determine".

When, upon redemption, the rights of the state acquired under a tax sale become *null* and *void,* and *all right, title, and interest,* acquired by virtue of the tax sale, *shall cease and determine,* it leaves no rights remaining in the state, and certainly no rights to the crops growing upon the redeemed property, of which, according to the stipulation of the parties, plaintiff has been the owner, and in possession, ever since redemption was made.

For the reasons stated, we find that the judgment of the trial court should be, and the same is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1941. Traynor, J., voted for a hearing.