## In re MEAD–HASKELL CO.
### No. 1553.

District Court, S. D. California, S. D.
Dec. 3, 1942.

---

1 Present petitioner.

998

Earl Warren, Atty. Gen., of California, and H. H. Linney and Adrain A. Kragen, Deputy Attys. Gen., for petitioner.

Glen H. Munkelt, of San Diego, Cal., for trustee.

NETERER, District Judge.

This review is of an order of the Referee in bankruptcy denying claims of the State of California against the trustee in bankruptcy for rents collected from tax deeded lands by the trustee where full redemption from the tax sale has been made.

The history of the claim against the bankrupt estate before the court in an endeavor to collect appears in D.C., 42 F. Supp. 956, 957.

Proof of claim was filed by the State of California on March 9th, 1942, alleging due it the sum of $5,694.51 for rents collected by the trustee on property claimed to be owned by the State of California, from May 31st, 1939, to October 31st, 1940, inclusive. The state of California claims that by reason of a sale, for delinquent taxes, the state became the purchaser of certain lands, and certificates of sale were issued, July 19, 1939, and later tax deeds were issued. The owner was thereafter adjudged bankrupt and the trustee appointed took possession of all of the property and collected the rentals from the improved property until redemption from the tax sale October 31st, 1940.

At the outset it may be stated that: "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final payment thereunder is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment. The right of infants, or insane persons without guardians, without notice of the proceedings, may continue six months longer." § 93, Sub. n, Tit. 11 U.S.C.A.

█ Adjudication was made, and a trustee appointed on August 4th, 1939. The proof of claim was filed approximately two years and eight months after the appointment of the trustee. Whether the claim is barred by the section supra is unimportant since the issue is decided by the highest courts of the State of California which is conclusive on this court.

Section 3773 of the Political Code of the State of California on which the state relies reads as follows: "Notwithstanding any other provisions of law to the contrary, the State, by and through the Controller, shall have the sole and exclusive power and authority to lease and rent, and to receive and collect all rents, issues and profits arising in any manner from property heretofore or hereafter deeded to the State pursuant to the provisions of section 3785 of this code, which power and authority shall accrue from and after the date of recording of the deed to the State."

Section 3817 Political Code supra controls, it reads: "Upon consummation of the redemption and the delivery of the receipts aforesaid by the treasurer, the auditor shall report the same to the assessor, tax collector and recorder, and the recorder shall, without payment of fee, note on the margin of the record of the certificate of sale, or deed, if issued, the fact of such redemption, the date thereof, and by whom redeemed, which certificate of sale, or deed, shall become null and void, and all right, title and interest acquired by virtue of the tax sale, shall cease and determine."

The District Court of Appeals of the State of California, on the State's title or interest after redemption, in People v. List (List v. Sandell, 42 Cal.App.2d 505, 109 P.2d 376, 377) says: "When, upon redemption, the rights of the state acquired under a tax sale become null and void, and all right, title and interest acquired by vir-

tue of the tax sale, shall cease and determine, it leaves no rights remaining in the state * * *."

In People v. Gustafson, 53 Cal.App.2d 230, 127 P.2d 627, 629, the Court says: "While section 3787 of the Political Code provides that a tax deed conveys to the state the absolute title to the property described therein, with the exceptions stated, such property is nevertheless subject to the right of redemption. The supreme court said, in Anglo California Nat. Bank v. Leland, 9 Cal.2d 347, at page 353, 70 P. 2d 937, at page 939, that 'The title acquired by the state, or an instrumentality thereof, at a tax sale is not the same as that vesting in a private purchaser, since the object of the purchase is not the acquisition of the property, but rather the collection of the taxes. [Citing cases]' * * *

"Furthermore it is the settled policy of the law to give a delinquent taxpayer every reasonable opportunity compatible with the rights of the state, to redeem his property, and to make his burden as light as possible; [citing cases] and the return to the tax rolls of the property, which has been sold for taxes in order that it may again support general governmental functions is in the public interest. * * * As hereinbefore stated, the primary purpose of statutes providing for the conveyance to the state of title to property that is tax delinquent, is the collection of taxes, and not the: acquisition of the property or of other income therefrom. Such statutes should, therefore, be given a construction favoring the delinquent tax payer."

 The law of the state of California must control as to the construction and effect of the California law with relation to rights of parties of the instant status.

It is obvious from the decisions of the California courts that the title acquired by the state on tax-sale is not the same as that vesting in a private purchase transaction. The purpose of the state is not acquisition of property; it is collection of the taxes and when the property was redeemed from the tax sale, the state received all of its taxes together with all interest accruing thereon to the date of redemption and suffered no pecuniary loss. People v. Gustafson supra. This covered the period of time during which the trustee collected rentals from the property of the bankrupt estate, and of which he was in possession as trustee in bankruptcy. The state has no claim.

It may also be said that the amount that the state seeks to recover now is clearly penalty and is in no sense a lien against the property and therefore against the funds of the estate since the state claim has all been paid.

It is at once apparent aside from the fact that claims due a state as a penalty cannot be allowed except for the amount for pecuniary loss sustained, the state should not be permitted to share assets of the property with creditors who have suffered pecuniary loss. In re Abramson, 2 Cir., 210 F. 878, at page 880.

The order of the Referee denying the claim is affirmed.